# United States District Court
## District of Utah



**Gary P. Serdar**
Clerk of Court

**Alison J. Adams**
Chief Deputy Clerk

August 17, 2023

Raland J. Brunson
4287 S HARRISON BLVD APT 132
OGDEN, UT 84403

RE:     NOTICE OF APPEAL
        Brunson v. Sotomayor et al
        Plaintiff/Appellant  Defendant/Appellee
        Lower Docket: 1:23-cv-00042-HCN

Dear Appellant:

        Attached are the following documents in connection with the Notice of Appeal filed in
the above captioned case:

                Copy of the Notice of Appeal (filed 8/15/2023)
                Copy of the Docket Sheet
                Order or Judgment being appealed from


        The record on appeal will be transmitted to the Court of Appeals at a later date in
accordance with the Rules of Court for the U.S. Court of Appeals for the 10th Circuit.  This case
does not contain any sealed entries or documents.

Sincerely,

Gary P. Serdar, Clerk

By:

Deborah Eyer
Deputy Clerk

DMJ:
**cc**: Clerk, U.S. Court of Appeals, Tenth Circuit
Judge Howard C. Nielson, Jr.
Court Reporter:
Counsel of Record
District: 1088
Fee Status: Not Paid

APPEAL,CLOSED,LODGE_DOC,OPEN_MJ

Email All Attys

Email All Attys and Secondary Emails

# US District Court Electronic Case Filing System
## District of Utah (Northern)
## CIVIL DOCKET FOR CASE #: <u>1:23–cv–00042–HCN</u>

| | |
|---|---|
| Brunson v. Sotomayor et al | Date Filed: 04/12/2023 |
| Assigned to: Judge Howard C. Nielson, Jr | Date Terminated: 08/10/2023 |
| Case in other court:  2nd Judicial District, Weber County, 230901367 | Jury Demand: None |
| | Nature of Suit: 190 Contract: Other |
| Cause: 28:1441 Notice of Removal– Breach of Contract | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**Raland J. Brunson**                                      represented by   **Raland J. Brunson**
4287 S HARRISON BLVD APT 132
OGDEN, UT 84403
(385) 492–4898
Email: <u>raland.brunson@hotmail.com</u>
PRO SE

V.

**Defendant**

**Sonia Sotomayor**                                      represented by   **Amanda A. Berndt**
*in official capacity as Justice of the*                            US ATTORNEY'S OFFICE
*Supreme Court of the United States*                         111 S MAIN ST STE 1800
SALT LAKE CITY, UT 84111–2176
(801) 325–3267
Email: <u>amanda.berndt@usdoj.gov</u>
*ATTORNEY TO BE NOTICED*

**Defendant**

**Elena Kagan**                                          represented by   **Amanda A. Berndt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ketanji Brown Jackson**                                represented by   **Amanda A. Berndt**
*in official capacity as Justice of the*                            (See above for address)
*Supreme Court of the United States*                         *ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/12/2023 | <u>1</u> | | NOTICE OF REMOVAL from Second Judicial District Weber County, case number 230901367, No Filing Fee No Filing Fee filed by Ketanji Brown Jackson, Elena Kagan, Sonia Sotomayor. (Attachments: # <u>1</u> Exhibit A – State |

| | | | |
|---|---|---|---|
| | | | Court Complaint, # <u>2</u> Exhibit B – State Court Docket, # <u>3</u> Civil Cover Sheet )<br>(Berndt, Amanda) (Entered: 04/12/2023) |
| 04/12/2023 | | | Magistrate Judge Jared C. Bennett added.<br><br>Case number will now read **1:23–CV–00042–JCB.** Please make changes to document captions accordingly. (ks) (Entered: 04/12/2023) |
| 04/12/2023 | <u>2</u> | | NOTICE – This case is assigned to a magistrate judge. Under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, you are hereby notified that a magistrate judge for the District of Utah may conduct any or all proceedings in this case, including a jury or bench trial and entry of a final judgment. Exercise of this jurisdiction by the magistrate judge is permitted only if all parties voluntarily sign and return the form. To consent, return the Consent Form to the clerk's office within 21 days via email at consents@utd.uscourts.gov or mail at the address on the form and place Attention: Consent Clerk on the envelope.<br>**Please do not e–file the Consent Form in the case.** Notice e–mailed or mailed to Defendants Ketanji Brown Jackson, Elena Kagan, Sonia Sotomayor, Plaintiff Raland J. Brunson. Form due by 5/3/2023. (mh) (Entered: 04/12/2023) |
| 04/13/2023 | <u>3</u> | | <span style="color:red">ORDER TO PROPOSE SCHEDULE – See order for details. Signed by Magistrate Judge Jared C. Bennett on 4/13/2023. (alf)</span> (Entered: 04/13/2023) |
| 04/13/2023 | 4 | | RECEIVED Consent/Reassignment Form from Plaintiff Raland J. Brunson. (alf) (Entered: 04/14/2023) |
| 04/18/2023 | 5 | | RECEIVED Consent/Reassignment Form from Defendants Ketanji Brown Jackson, Elena Kagan, Sonia Sotomayor. (alf) (Entered: 04/19/2023) |
| 04/19/2023 | 6 | | NOTICE OF NON–CONSENT: Consent to the jurisdiction of the Magistrate Judge under DUCivR 72–4 has not been obtained. Case randomly assigned to Judge Howard C. Nielson, Jr and Magistrate Judge Jared C. Bennett is automatically referred under 28 U.S.C. 636(b)(1)(B). Magistrate Judge Jared C. Bennett no longer assigned as the presiding judge to the case. (alf) (Entered: 04/19/2023) |
| 04/19/2023 | <u>7</u> | | MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support filed by Defendants Ketanji Brown Jackson, Elena Kagan, Sonia Sotomayor. Motions referred to Jared C. Bennett.(Berndt, Amanda) (Entered: 04/19/2023) |
| 04/24/2023 | <u>8</u> | | Correspondence from interested individuals. (jl) (Entered: 04/24/2023) |
| 04/24/2023 | <u>9</u> | | DOCUMENTS LODGED consisting of correspondence from non–parties. Note: attached document lodged for reference purposes only; no response required unless specifically ordered by the court. (alt) (Entered: 04/26/2023) |
| 05/01/2023 | <u>10</u> | | DOCUMENTS LODGED consisting of correspondence from non–parties.. Note: attached document lodged for reference purposes only; no response required unless specifically ordered by the court. (alf) Modified on 5/8/2023 to correct typo. (alf). (Entered: 05/01/2023) |
| 05/05/2023 | <u>11</u> | | DOCUMENTS LODGED consisting of correspondence from non–parties. Note: attached document lodged for reference purposes only; no response required unless specifically ordered by the court. (alf) (Entered: 05/08/2023) |
| 05/05/2023 | <u>12</u> | | |

| | | | DOCUMENTS LODGED consisting of correspondence from non–parties. Note: attached document lodged for reference purposes only; no response required unless specifically ordered by the court. (alf) (Entered: 05/08/2023) |
|---|---|---|---|
| 05/08/2023 | 13 | | DOCUMENTS LODGED consisting of correspondence from non–parties. Note: attached document lodged for reference purposes only; no response required unless specifically ordered by the court. (alt) (Entered: 05/09/2023) |
| 05/15/2023 | 14 | | MEMORANDUM in Opposition re 7 MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support filed by Plaintiff Raland J. Brunson. (alf) (Entered: 05/16/2023) |
| 05/15/2023 | 15 | | DOCUMENTS LODGED consisting of correspondence from non–parties. Note: attached document lodged for reference purposes only; no response required unless specifically ordered by the court. (alf) (Additional attachment(s) added on 6/2/2023: # 1 rescanned for OCR) (kb). (Entered: 05/16/2023) |
| 05/30/2023 | 16 | | REPLY to Response to Motion re 7 MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support filed by Defendants Ketanji Brown Jackson, Elena Kagan, Sonia Sotomayor. (Berndt, Amanda) (Entered: 05/30/2023) |
| 06/15/2023 | 17 | | REQUEST to Submit for Decision re 7 Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed by Plaintiff Raland J. Brunson. (dle) (Entered: 06/15/2023) |
| 07/07/2023 | 18 | | REPORT AND RECOMMENDATIONS re 7 MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support filed by Ketanji Brown Jackson, Elena Kagan, Sonia Sotomayor. The court HEREBY RECOMMENDS that Defendants' motion to dismiss be GRANTED and that this case be DISMISSED WITHOUT PREJUDICE for lack of subject–matter jurisdiction. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it. Failure to object may constitute waiver of objections upon subsequent review. Signed by Magistrate Judge Jared C. Bennett on 7/7/2023. (jwt) (Entered: 07/07/2023) |
| 07/17/2023 | 22 | | OBJECTION to 18 Report and Recommendations filed by Raland J. Brunson. (dle) (Entered: 08/10/2023) |
| 08/09/2023 | 19 | | **STRICKEN** ~~DOCKET TEXT ORDER. On July 7, 2023, Magistrate Judge Bennett entered 18 Report and Recommendation recommending that Defendants' motion to dismiss be granted and that this case be dismissed without prejudice for lack of subject matter jurisdiction. The Report and Recommendation further provided that [t]he parties must file any objections within fourteen days of being served with the Report and Recommendation and that [f]ailure to object may constitute waiver of objections upon subsequent review. Dkt. No. 18 at 7. Plaintiff has not filed, and thus has waived, any objections to the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 14950 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). Based on its review of the Report and Recommendation and the docket, the court cannot say that Magistrate Judge Bennett committed plain error. See Morales–Fernandez v. I.N.S., 418 F.3d 1116, 1122 (10th Cir. 2005). The court accordingly ADOPTS 18 Report and Recommendation. This action is~~ |

3

| | | | |
|---|---|---|---|
| | | | ~~DISMISSED WITHOUT PREJUDICE. SO ORDERED. Signed by Judge Howard C. Nielson, Jr., on 8/9/2023. No attached document. (tf)~~ Modified by striking docket entry on 8/10/2023 (dle). (Entered: 08/09/2023) |
| 08/10/2023 | 20 | | **STRICKEN** ~~JUDGMENT IN A CIVIL CASE: This action is dismissed without prejudice. Case Closed. Signed by Judge Howard C. Nielson, Jr on 8/10/23. (dle)~~ Modified by striking docket entry on 8/10/2023 (dle). (Entered: 08/10/2023) |
| 08/10/2023 | 21 | | Modification of Docket: Documents 19 Order on Report and Recommendations, 20 Judgment have been stricken from the docket as they were entered in error. (dle) (Entered: 08/10/2023) |
| 08/11/2023 | 23 | | DOCKET TEXT ORDER. On July 7, 2023, Magistrate Judge Bennett entered 18 Report and Recommendation recommending that Defendants' motion to dismiss be granted and that this case be dismissed without prejudice for lack of subject matter jurisdiction. On July 17, 2023, Plaintiff filed 22 Objection to Report and Recommendation. Having carefully reviewed the notice of removal, the complaint, the report and recommendation, and Plaintiff's objections, the court concludes that the objections are not well taken. The court accordingly OVERRULES Plaintiff's objections and ADOPTS Judge Bennett's report and recommendation. In the interests of justice, dismissal shall be without prejudice. This action is DISMISSED WITHOUT PREJUDICE. SO ORDERED. Signed by Judge Howard C. Nielson, Jr., on 8/11/2023. No attached document. (tf) (Entered: 08/11/2023) |
| 08/11/2023 | 24 | | JUDGMENT IN A CIVIL CASE: This action is dismissed without prejudice. Case closed. Signed by Judge Howard C. Nielson, Jr on 8/11/23. (dle) (Entered: 08/11/2023) |
| 08/15/2023 | 25 | | NOTICE OF APPEAL as to 24 Judgment, filed by Raland J. Brunson. Appeals to the USCA for the 10th Circuit. Fee Status: Not Paid. Filing fee $ 505. (dle) (Entered: 08/17/2023) |

# THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RALAND J. BRUNSON,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 1:23-cv-00042-HCN-JCB** |
| **SONIA SOTOMAYOR, ELENA KAGAN, KETANJI BROWN JACKSON,** and **JOHN** and **JANE DOES 1-100,** | |
| | **District Judge Howard C. Nielson, Jr.** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendants Sonia Sotomayor, Elena Kagan, and Ketanji Brown Jackson's (collectively, "Defendants") motion to dismiss.[2] Based upon the analysis set forth below, the court recommends granting Defendants' motion and dismissing this case without prejudice for lack of subject-matter jurisdiction.

## BACKGROUND

Pro se Plaintiff Raland J. Brunson ("Mr. Brunson") filed his complaint in this case in Second District Court in Weber County, Utah.[3] Defendants removed the case to this court under 28 U.S.C. § 1442(a)(3).[4] Mr. Brunson's complaint is centered on the United States Supreme

---

[1] ECF No. 6.

[2] ECF No. 7.

[3] ECF No. 1-1.

[4] ECF No. 1.

5

Court's denial of his petition for writ of certiorari and petition for rehearing in a separate case.[5]

Mr. Brunson's complaint names Defendants in their official capacities as Associate Justices of

the United States Supreme Court and asserts causes of action for breach of contract, intentional

infliction of emotional distress, fraud, and civil conspiracy. In his prayer for relief, Mr. Brunson

seeks over $3 billion in damages. Defendants moved to dismiss this case for lack of

subject-matter jurisdiction.[6]

**LEGAL STANDARDS**

Under Fed. R. Civ. P. 12(b)(1), this court should "presume no jurisdiction exists,"[7] and

the burden of establishing jurisdiction "rests upon the party asserting jurisdiction."[8] To establish

jurisdiction, a plaintiff "must allege in [his] pleading the facts essential to show jurisdiction, and

must support [those facts] by competent proof."[9] Because Defendants' motion to dismiss is a

facial attack on the allegations of Mr. Brunson's complaint, the court must accept those

allegations as true.[10]

**ANALYSIS**

The court recommends granting Defendants' motion to dismiss because the court lacks

subject-matter jurisdiction under the doctrine of derivative jurisdiction, which provides that upon

removal, a federal court cannot acquire subject-matter jurisdiction over a case if the state court

---

[5] *Brunson v. Adams*, 143 S. Ct. 569, *reh'g denied*, 143 S. Ct. 855 (2023).

[6] ECF No. 7.

[7] *United States ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 551 (10th Cir. 1992).

[8] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[9] *Koch Indus., Inc.*, 971 F.2d at 551 (second alteration in original) (quotations and citations omitted).

[10] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citations omitted).

2

lacked subject-matter jurisdiction.[11] That doctrine applies even if the federal court would have

had subject-matter jurisdiction over the case if the case had been brought initially in federal

court.[12] Although Congress amended 28 U.S.C. § 1441 to eliminate the doctrine of derivative

jurisdiction with respect to removals under that section,[13] the doctrine remains applicable to

removals under 28 U.S.C. § 1442,[14] which is the section Defendants relied upon to remove this

case. Therefore, the doctrine of derivative jurisdiction applies here.

Under the doctrine of derivative jurisdiction, this court lacks subject-matter jurisdiction

for two reasons. First, because Mr. Brunson has not identified any waiver of sovereign immunity

that subjects Defendants to suit in state court, the state court did not have subject-matter

jurisdiction. Thus, this court lacks subject-matter jurisdiction under the doctrine of derivative

jurisdiction. Second, even if Mr. Brunson had relied upon the statutory schemes providing a

---

[11] *Minnesota v. United States*, 305 U.S. 382, 389 (1939) ("[J]urisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none . . . ."); *Crow v. Wyo. Timber Prods. Co.*, 424 F.2d 93, 96 (10th Cir. 1970) ("Jurisdiction on removal is derivative in nature and does not exist if the state court from which the action is removed lacks jurisdiction.").

[12] *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) ("In the area of general civil removals, it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there."); *see also Minnesota*, 305 U.S. at 388-89 (providing that "it rests with Congress to determine not only whether the United States may be sued, but in what courts the suit may be brought" and that the doctrine of derivative jurisdiction applies even if the federal court would have had subject-matter jurisdiction over a case if the case was brought originally in federal court).

[13] 28 U.S.C. § 1441(f).

[14] *Bowers v. J & M Disc. Towing, LLC*, 472 F. Supp. 2d 1248, 1254 (D.N.M. 2006) ("[T]he majority of the Circuit Courts of Appeals that have addressed this issue, including the Tenth Circuit, have determined that federal courts' jurisdiction remains derivative of state courts' jurisdiction for those cases removed under statutes other than 28 U.S.C. § 1441.").

waiver of sovereign immunity for his claims, the state court still lacked subject-matter

jurisdiction. Consequently, this court does not have subject-matter jurisdiction under the doctrine

of derivative jurisdiction. Each reason is discussed in order below.

I.      **Because Mr. Brunson Has Not Identified a Waiver of Sovereign Immunity to Sue Defendants in State Court, the State Court Lacked Subject-Matter Jurisdiction.**

Because Mr. Brunson fails to carry his burden of establishing a waiver of sovereign

immunity to bring suit against Defendants in state court, the state court did not have

subject-matter jurisdiction. "Sovereign immunity generally shields the United States, its

agencies, and officers acting in their official capacity from suit."[15] The party bringing suit against

United States officials bears the burden of proving that a waiver of sovereign immunity exists.[16]

Without a waiver of sovereign immunity, a court lacks subject-matter jurisdiction over a case

brought against United States officials.[17]

Mr. Brunson sued Defendants in their official capacities as United States officers, but he

fails to identify any waiver of sovereign immunity.[18] Additionally, Mr. Brunson fails to identify

---

[15] *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002) (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)).

[16] *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992).

[17] *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

[18] In his response to Defendants' motion to dismiss, Mr. Brunson does not argue that there is a waiver of sovereign immunity for his claims. Instead, Mr. Brunson appears to argue that the doctrine of sovereign immunity is unconstitutional because it obstructs his right to petition the government for redress of grievances under the First Amendment. Importantly, Mr. Brunson fails to cite any authority for his argument, and the court is unaware of any court holding that the doctrine of sovereign immunity is unconstitutional. To the contrary, as noted by Defendants, the doctrine of sovereign immunity was a foundational concept to the framers of the Constitution. *Alden v. Maine*, 527 U.S. 706, 715-16 (1999) (discussing the historical context of the doctrine of

any statute that authorizes suit in state court against United States officials. Mr. Brunson's failure

to establish a waiver of sovereign immunity that authorizes suit against Defendants in their

official capacities and allows that suit to proceed in state court means that the state court did not

have subject-matter jurisdiction. Accordingly, this court's derivative jurisdiction precludes it

from hearing this case.[19]

## II. Even if Mr. Brunson Had Attempted to Rely Upon the Statutory Schemes Providing a Waiver of Sovereign Immunity for His Claims, the State Court Still Lacked Subject-Matter Jurisdiction.

The state court still lacked subject-matter jurisdiction even if Mr. Brunson had attempted

to rely upon the statutory schemes providing a waiver of sovereign immunity for his claims. The

only two conceivable schemes upon which Mr. Brunson could have relied are: (1) the Tucker

Act, which addresses contract actions against the United States; and (2) the Federal Tort Claims

Act ("FTCA"), which deals with tort claims against United States employees. As shown below,

neither scheme would give the state court subject-matter jurisdiction.

First, Mr. Brunson's claim for breach of contract is governed by the Tucker Act, which

waives sovereign immunity and grants the Court of Federal Claims—not state courts—exclusive

---

sovereign immunity and stating that "the doctrine that a sovereign could not be sued without its consent was universal in the States when the Constitution was drafted and ratified"). Therefore, Mr. Brunson's argument is without merit.

[19] Despite Defendants' well-taken argument that this court lacks subject-matter jurisdiction, Mr. Brunson argues that Defendants improperly failed to address the merits of his complaint and speculates that this court will do the same. That argument and speculation ignores the concept of subject-matter jurisdiction. By arguing that this court lacks subject-matter jurisdiction, Defendants are necessarily arguing that this court should not reach the merits of Mr. Brunson's claims. Further, because this court agrees with Defendants' argument concerning subject-matter jurisdiction, this court cannot address the merits of Mr. Brunson's claims. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.").

jurisdiction "for claims against the United States founded upon . . . contracts and seeking amounts greater than $10,000."[20] Because Mr. Brunson is seeking over $3 billion in damages, the Court of Federal Claims has exclusive jurisdiction over his claim for breach of contract. Thus, even if Mr. Brunson had relied upon the Tucker Act, the state court did not have subject-matter jurisdiction over that claim, which, by virtue of derivative jurisdiction, means that this court doesn't either.

Second, Mr. Brunson's remaining tort claims for intentional infliction of emotional distress, fraud, and civil conspiracy are potentially governed by the FTCA, which provides a limited waiver of sovereign immunity for a plaintiff to recover monetary damages for specific common-law torts committed by United States employees acting within the scope of their employment.[21] However, the FTCA's limited waiver of sovereign immunity allows FTCA claims to be brought exclusively in federal court,[22] which means that, even if Mr. Brunson had relied upon the FTCA, the state court lacked subject-matter jurisdiction. And, therefore, so does this court under the doctrine of derivative jurisdiction. Therefore, this case should be dismissed without prejudice for want of subject-matter jurisdiction.[23]

---

[20] *Burkins v. United States*, 112 F.3d 444, 449 (10th Cir. 1997); *see also* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1).

[21] 28 U.S.C. § 2679(b)(1); *Meyer*, 510 U.S. at 475-76.

[22] 28 U.S.C. § 1346(b)(1).

[23] The court acknowledges the hundreds of letters it received from citizens urging this court to overlook jurisdictional defects and to decide this case on its merits. However, courts must abide by the law. And the law provides that a federal court that receives a case removed from state court is subject to the same jurisdictional limitations that applied to the state court. Because the state court could not exercise subject-matter jurisdiction to hear this case, this court cannot either regardless of how many concerned citizens want this court to decide the merits of the case.

CONCLUSION AND RECOMMENDATION

As demonstrated above, the state court did not have subject-matter jurisdiction over this case, and, thus, this court lacks subject-matter jurisdiction under the doctrine of derivative jurisdiction. Therefore, the court HEREBY RECOMMENDS that Defendants' motion to dismiss[24] be GRANTED and that this case be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.[25]

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[26] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[27] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 7th day of July 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[24] ECF No. 7.

[25] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").

[26] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[27] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

**Raland J Brunson**
**4287 South Harrison Blvd., #132**
**Ogden, Utah 84403**
**Phone: 385-492-4898**
**Email: thedreamofthecentury@gmail.com**
**Pro Se**

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JUL 1 7 2023

GARY P. SERDAR
CLERK OF COURT

BY _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| RALAND J BRUNSON,<br><br>Plaintiff,<br><br>vs.<br><br>SONIA SOTOMAYOR, et al.,<br><br>Defendants. | **OBJECTION TO REPORT AND RECOMMENDATION**<br><br>Case No. 1:23-cv-00042-HCN-JCB<br><br>Judge: Howard C. Nielsen<br>Magistrate Judge: Jared C. Bennett |

Plaintiff Raland J Brunson ("Brunson") hereby moves this court with his *Objection To Report And Recommendation S*ubmitted by the honorable Magistrate Judge Jared C. Bennett and states:

### **ARGUMENT**

Brunson, based upon the following grounds, hereby objects to the REPORT AND RECOMMENDATION ("R&R") filed by the Magistrate Judge Jared C. Bennett on July 7, 2023 (ECF 18).

The R&R states that this court lacks subject matter jurisdiction and that Brunson failed to identify a waiver of sovereign immunity.

The importance of this case is extreme. Brunson's opposition states with legal authority that his right to bring his claims against Defendants invokes subject matter jurisdiction because the claims exposes acts of treason upon which immunity is not given, nor would it be

constitutional if it were. There is no immunity given for giving aid and comfort to enemies of the United States, which is treason. The Constitution was not written to protect treason by giving any immunity to any governmental position of any level at all. So in this case the Defendants cannot claim to have any immunity. See the whole of Brunson's opposition.

On footnote 23 of the R&R, it makes the claim that they've received hundreds of letters. Closer to the truth is that the court has received over 9,719 letters from across the country as of July 17, 2023. We the People are requiring the Defendants to answer the claims of this case because they know that the Defendants do not have any immunity under Brunson's claims, and they want to see justice served.

Again, the R&R states that this court lacks subject matter jurisdiction and that Brunson failed to identify a waiver of sovereign immunity. In support of this argument the R&R cites the cases of, but not limited to, *Wyoming, James, United States, Minnesota, Crow, Arizona, Bowers, Kokkonen, Koch, Holt,* and the R&R also cites 28 U.S.C. § 1441 & 1442. Brunson objects to these citations and arguments because to apply them in Brunson's case, which have no bearing under Brunson's claims, is an attempt to rewrite the Constitution which is an act of treason.

The R&R sets out to destroy the importance and the divinity associated with the oath of office found in Brunson's opposition. Despite the fact that the oath is the supreme law of the land, it is the edict of the R&R that the oath is subject to this court, and that it is this court that is the supreme law of the land, not the oath.

The R&R did not address Brunson's oath of office argument nor that our founding fathers incorporated themselves as "We the People" in order to establish a government away from the doctrine that a king that can do no wrong by having no king at all—no king, no sovereign immunity—this is the Constitution of the United States! What the R&R did state is that pursuant

to the case of *Alden v. Main*, 527 U.S, 706, 715-16 (1999) that the doctrine of sovereign immunity was a foundational concept from the framers of the Constitution. This "foundational concept", as R&R puts it, has a different meaning than what R&R coins them to be. The case of *Alden* explains further that "If a colonial lawyer had looked into Blackstone for the theory of sovereign immunity, as indeed many did, he would have found nothing clearly suggesting that the Colonies as such enjoyed any immunity from suit." And that ""The Constitution thus contemplates that a State's government will represent and remain accountable to its own citizens." Printz, 521 U. S., at 920" (751) and "Justice Wilson's position in Chisholm: that because the people, and not the States, are sovereign, sovereign immunity has no applicability to the States." [778] and ""To the Constitution of the United States the term SOVEREIGN, is totally unknown. There is but one place where it could have been used with propriety. But, even in that place it would not, perhaps, have comported with the delicacy of those, who ordained and established that Constitution. They might have announced themselves `SOVEREIGN' people of the United States: But serenely conscious of the fact, they avoided the ostentatious declaration." 2 Dall., at 454. [783] . . . "This last position [that the King is sovereign and no court can have jurisdiction over him] is only a branch of a much more extensive principle, on which a plan of systematic despotism has been lately formed in Eng- land, and prosecuted with unwearied assiduity and care. Of this plan the author of the Commentaries was, if not the introducer, at least the great supporter. He has been followed in it by writers later and less known; and his doctrines have, both on the other and this side of the Atlantic, been implicitly and generally received by those, who neither examined their principles nor their consequences[.] The principle is, that all human law must be prescribed by a superior. This principle I mean not now to examine. Suffice it, at present to say, that another principle, very different in its nature and operations, forms, in

my judgment, the basis of sound and genuine jurisprudence; laws derived from the pure source of equality and justice must be founded on the CONSENT of those, whose obedience they require. The sovereign, when traced to his source, must be found in the man. " Id., at 458."" [784] (brackets added to show page numbers)

*Alden* also stated that " . . . petition of right as an appropriate and normal practice. [791] . . . "there was no unanimity among the Framers that immunity would exist," [793] . . . It would be hard to imagine anything more inimical to the republican conception, which rests on the understanding of its citizens precisely that the government is not above them, but of them, its actions being governed by law just like their own. Whatever justification there may be for an American government's immunity from private suit, it is not dignity. [35] See United States v. Lee, 106 U. S. 196, 208 (1882). [803] . . ."If an act of parliament be made for the benefit of any person, and he is hindered by another of that benefit, by necessary consequence of law he shall have an action; and the current of all the books is so" (citation omitted).[41] *812 Blackstone considered it "a general and indisputable rule, that where there is a legal right, there is also a legal remedy, by suit or action at law, whenever that right is invaded." 3 Blackstone. The generation of the Framers thought the principle so crucial that several States put it into their constitutions.[42] And when Chief Justice Marshall asked about Marbury: "If he has a right, and that right has been violated, do the laws of his country afford him a remedy?," *Marbury* v. *Madison,* 1 Cranch 137, 162 (1803), the question was rhetorical, and the answer clear: "The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of government is to afford that protection. In Great Britain the king himself is sued in the respectful form of a petition, and

he never fails to comply with the judgment of his court." *Id.,* at 163'''" [812]. (Brackets added to show page numbers)

So R&R's claim that the foundational concept of sovereign immunity of our founders as being favorable for Defendants is wholly inaccurate and as such grants Brunson's opposition, therefore Brunson moves this court to disregard the R&R and deny Defendants motion to dismiss.

The R&R states that Brunson failed to incorporate any authority supporting his claim that his right to petition the government for redress of grievances under the First Amendment. In addition to this being wholly inaccurate, the R&R cited authority which actually supports Brunson's opposition, that being the case of *Alden,* as stated above. Again, this favors Brunson to which the R&R purposely ignored and would not address. This is more than just a violation of due process, which is the right to be heard[1], rather its supports acts of treason.

The R&R also went on to state that Brunson failed to cite any authority supporting his claim that the doctrine of sovereign immunity is unconstitutional and that the court is unaware of any. The R&R ignored all the legal authorities cited by Brunson that are paramount to Brunson's argument in opposition and how under this case the doctrine of sovereign immunity is unconstitutional and cannot be applied. The legal authority cited by Brunson include those under the Constitution: Article I Section 9 Clause 8, Article VI, Article III, Amendments 1, IX, and XIV Section 3, in addition to the cases of *American Bush v. City Of South Salt Lake*, 2006 UT 40 140 P.3d.1235, and *New York State Rifle & Pistol Association, Inc., et al. v. Bruen, et al.*, 597 U. S. ____ (2022), and [*Puerto Rico v Brandstad, Governor of Iowa* (1987) 483 U.S. 219,228, 107 S.Ct. 2802, 97 L.Ed.2d 187]. These are just some of the authorities that the R&R ignored.

---

[1] ("... an opportunity to be heard in a meaningful way are at the very heart of procedural fairness ...")" Brent Brown Dealerships v. Tax Com'n, MVED, 2006 UT App 261.

Why didn't the R&R specifically address these authorities and point out how they are wrong? They are wrong because the R&R states so?

As stated in Brunson's opposition, Brunson's causes of actions are derived from the oath of office of the Constitution of the United States, and Brunson's complaint alleges that Amendment I of the Constitution states that Congress shall make no law prohibiting Brunson's right to petition the Government for redress of grievances. And that the Government is first subject to Brunson's rights, and that the Constitution grants no rights to the people, instead Brunson's individual rights are guarded and protected by the Constitution. And, pursuant to Amendment IX of the Constitution, no law of any kind can be enacted that would violate Brunson's individual rights which is the supreme law of the land, and that the Constitution is a restriction against the Government and not against Brunson's rights. *See* pages 1-5 of Brunson's complaint. The case of *Alden* supports this while the R&R has decided otherwise in violation of the oath of office.

Brunson's claims supersede the necessity of requiring a waiver of sovereign immunity and inherently invokes subject matter jurisdiction under the supreme law of the land as cited by legal authority found in Brunson's opposition. Again, the R&R did not address how that this is wrong only that it says it is.

WHERFORE, in the name of justice and of due process, and in the name of "*We the People*" and as an act to preserve, defend and protect the Constitution in honor of the oath of office, which was inspired by God, Brunson moves this court to deny both the R&R and Defendants' Motion with an order to answer Brunson's complaint within 10 days or be in default.

Humbly submitted this the 17th day of July, 2023.

Raland J Brunson, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July, 2023 I personally placed in the United States Mail to the individuals named below a true and correct copy of **OBJECTION TO REPORT AND RECOMMENDATION.**

TRINA A. HIGGINS
AMANDA A. BERNDT
Attorneys of the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111

Raland Brunson

Raland J Brunson
4287 South Harrison Blvd.
#132
Ogden, UT 84403

$1.11   US POSTAGE
FIRST-CLASS
JUL 17 2023
Mailed from ZIP 84401

062S0001442144

Honorable Howard C. Nielsen
U.S. District Court
351 S WEST TEMPLE
SALT LAKE CITY UT 84101-1908

```
MIME-Version:1.0
From:utd_enotice@utd.uscourts.gov
To:ecf_notice@localhost.localdomain
Bcc:
--Case Participants: Amanda A. Berndt (amanda.berndt@usdoj.gov, caseview.ecf@usdoj.gov,
lacey.kiger@usdoj.gov, sonnee.alden@usdoj.gov), Raland J. Brunson
(raland.brunson@hotmail.com), Judge Howard C. Nielson, Jr
(howard_nielson@utd.uscourts.gov, jordan_peck@utd.uscourts.gov,
michelle_peart@utd.uscourts.gov, utdecf_nielson@utd.uscourts.gov)
--Non Case Participants: Chief Deputy, (alison_adams@utd.uscourts.gov)
--No Notice Sent:

Message-Id:5542167@utd.uscourts.gov
Subject:Activity in Case 1:23-cv-00042-HCN Brunson v. Sotomayor et al Order Adopting
Report and Recommendations
```
Content–Type: text/html

**If you need assistance, call the Help Desk at (801)524–6100.**

**US District Court Electronic Case Filing System**

**District of Utah**

**Notice of Electronic Filing**

The following transaction was entered on 8/11/2023 at 8:34 AM MDT and filed on 8/11/2023

| | |
|---|---|
| **Case Name:** | Brunson v. Sotomayor et al |
| **Case Number:** | 1:23–cv–00042–HCN |
| **Filer:** | |

**WARNING: CASE CLOSED on 08/10/2023**

**Document Number:** 23(No document attached)

**Docket Text:**
  **DOCKET TEXT ORDER. On July 7, 2023, Magistrate Judge Bennett entered [18] Report and Recommendation recommending that Defendants' motion to dismiss be granted and that this case be dismissed without prejudice for lack of subject matter jurisdiction. On July 17, 2023, Plaintiff filed [22] Objection to Report and Recommendation. Having carefully reviewed the notice of removal, the complaint, the report and recommendation, and Plaintiff's objections, the court concludes that the objections are not well taken. The court accordingly OVERRULES Plaintiff's objections and ADOPTS Judge Bennett's report and recommendation. In the interests of justice, dismissal shall be without prejudice. This action is DISMISSED WITHOUT PREJUDICE. SO ORDERED. Signed by Judge Howard C. Nielson, Jr., on 8/11/2023. No attached document. (tf)**

**1:23–cv–00042–HCN Notice has been electronically mailed to:**

Amanda A. Berndt     amanda.berndt@usdoj.gov, CaseView.ECF@usdoj.gov, lacey.kiger@usdoj.gov, sonnee.alden@usdoj.gov

Raland J. Brunson     raland.brunson@hotmail.com

**1:23–cv–00042–HCN Notice has been delivered by other means to:**

Case 2:23-cv-00042-HCN Document 2624 Filed 08/17/23 PageID.1479 Page 115 23,
Appellate Case: 23-4108 Document: 010110904813 Date Filed: 08/17/2023 Page: 22
FILED
2023 AUG 11 AM 8:43
CLERK
U.S. DISTRICT COURT

AO 450 (Rev.5/85) Judgment in a Civil Case

# United States District Court

### District of Utah

RALAND J. BRUNSON,

Plaintiff,

v.

SONIA SOTOMAYOR, *in her official capacity as Justice of the Supreme Court of the United States*; ELANE KAGAN, *in her official capacity as Justice of the Supreme Court of the United States*; KETANJI BROWN JACKSON, *in her official capacity as Justice of the Supreme Court of the United States*; and Jane Does 1–100,

Defendants.

**JUDGMENT IN A CIVIL CASE**

Case Number: 1:23-cv-00042-HCN

IT IS ORDERED AND ADJUDGED

That this action is dismissed without prejudice.

August 11, 2023
_____
*Date*

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

**Raland J Brunson**
**4287 South Harrison Blvd., #132**
**Ogden, Utah 84403**
**Phone: 385-492-4898**
**Email: thedreamofthecentury@gmail.com**
**Pro Se**

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

**AUG 1 5 2023**

GARY P. SERDAR
CLERK OF COURT
BY _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| RALAND J BRUNSON, | **NOTICE OF APPEAL** |
| Plaintiff, | Case No. 1:23-cv-00042-HCN-JCB |
| vs. | Judge: Howard C. Nielsen |
| SONIA SOTOMAYOR, et al., | Magistrate Judge: Jared C. Bennett |
| Defendants. | |

Notice is hereby given that Plaintiff Raland J Brunson in the above named case hereby

appeals to the United States Court of Appeals for the 10th Circuit from a final judgment known

as "JUDGMENT IN A CIVIL CASE" entered in this action on August 11th, 2023 [ECF 24]

taken from the United States District Court For The District Of Utah.

Humbly submitted this the 14th day of August, 2023.

_____
Raland J Brunson, Plaintiff

1

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2023 I personally placed in the United States Mail to the individuals named below a true and correct copy of **NOTICE OF APPEAL**

TRINA A. HIGGINS
AMANDA A. BERNDT
Attorneys of the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111

Raland Brunson

2