APPEAL,CLOSED,LODGE_DOC,OPEN_MJ

# US District Court Electronic Case Filing System
## District of Utah (Northern)
## CIVIL DOCKET FOR CASE #: <u>1:23–cv–00042–HCN</u>

| | |
|---|---|
| Brunson v. Sotomayor et al | Date Filed: 04/12/2023 |
| Assigned to: Judge Howard C. Nielson, Jr | Date Terminated: 08/10/2023 |
| Case in other court:  10th Circuit, 23–04108 | Jury Demand: None |
| 2nd Judicial District, Weber County, 230901367 | Nature of Suit: 190 Contract: Other |
| | Jurisdiction: U.S. Government Defendant |
| Cause: 28:1441 Notice of Removal– Breach of Contract | |

**Plaintiff**

| | | |
|---|---|---|
| **Raland J. Brunson** | represented by | **Raland J. Brunson** |
| | | 4287 S HARRISON BLVD APT 132 |
| | | OGDEN, UT 84403 |
| | | (385) 492–4898 |
| | | Email: <u>raland.brunson@hotmail.com</u> |
| | | PRO SE |

V.

**Defendant**

| | | |
|---|---|---|
| **Sonia Sotomayor** | represented by | **Amanda A. Berndt** |
| *in official capacity as Justice of the Supreme Court of the United States* | | US ATTORNEY'S OFFICE |
| | | 111 S MAIN ST STE 1800 |
| | | SALT LAKE CITY, UT 84111–2176 |
| | | (801) 325–3267 |
| | | Email: <u>amanda.berndt@usdoj.gov</u> |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Elena Kagan** | represented by | **Amanda A. Berndt** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Ketanji Brown Jackson** | represented by | **Amanda A. Berndt** |
| *in official capacity as Justice of the Supreme Court of the United States* | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/12/2023 | <u>1</u> | | NOTICE OF REMOVAL from Second Judicial District Weber County, case number 230901367, No Filing Fee No Filing Fee filed by Ketanji Brown Jackson, Elena Kagan, Sonia Sotomayor. (Attachments: # <u>1</u> Exhibit A – State Court Complaint, # <u>2</u> Exhibit B – State Court Docket, # <u>3</u> Civil Cover Sheet ) |

1

| | | | |
|---|---|---|---|
| | | | (Berndt, Amanda) (Entered: 04/12/2023) |
| 04/12/2023 | | | Magistrate Judge Jared C. Bennett added.<br><br>Case number will now read **1:23–CV–00042–JCB.** Please make changes to document captions accordingly. (ks) (Entered: 04/12/2023) |
| 04/12/2023 | 2 | | NOTICE – This case is assigned to a magistrate judge. Under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, you are hereby notified that a magistrate judge for the District of Utah may conduct any or all proceedings in this case, including a jury or bench trial and entry of a final judgment. Exercise of this jurisdiction by the magistrate judge is permitted only if all parties voluntarily sign and return the form. To consent, return the Consent Form to the clerk's office within 21 days via email at consents@utd.uscourts.gov or mail at the address on the form and place Attention: Consent Clerk on the envelope.<br>**Please do not e–file the Consent Form in the case.** Notice e–mailed or mailed to Defendants Ketanji Brown Jackson, Elena Kagan, Sonia Sotomayor, Plaintiff Raland J. Brunson. Form due by 5/3/2023. (mh) (Entered: 04/12/2023) |
| 04/13/2023 | 3 | | ORDER TO PROPOSE SCHEDULE – See order for details. Signed by Magistrate Judge Jared C. Bennett on 4/13/2023. (alf) (Entered: 04/13/2023) |
| 04/13/2023 | 4 | | RECEIVED Consent/Reassignment Form from Plaintiff Raland J. Brunson. (alf) (Entered: 04/14/2023) |
| 04/18/2023 | 5 | | RECEIVED Consent/Reassignment Form from Defendants Ketanji Brown Jackson, Elena Kagan, Sonia Sotomayor. (alf) (Entered: 04/19/2023) |
| 04/19/2023 | 6 | | NOTICE OF NON–CONSENT: Consent to the jurisdiction of the Magistrate Judge under DUCivR 72–4 has not been obtained. Case randomly assigned to Judge Howard C. Nielson, Jr and Magistrate Judge Jared C. Bennett is automatically referred under 28 U.S.C. 636(b)(1)(B). Magistrate Judge Jared C. Bennett no longer assigned as the presiding judge to the case. (alf) (Entered: 04/19/2023) |
| 04/19/2023 | 7 | | MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support filed by Defendants Ketanji Brown Jackson, Elena Kagan, Sonia Sotomayor. Motions referred to Jared C. Bennett.(Berndt, Amanda) (Entered: 04/19/2023) |
| 04/24/2023 | 8 | | Correspondence from interested individuals. (jl) (Entered: 04/24/2023) |
| 04/24/2023 | 9 | | DOCUMENTS LODGED consisting of correspondence from non–parties. Note: attached document lodged for reference purposes only; no response required unless specifically ordered by the court. (alt) (Entered: 04/26/2023) |
| 05/01/2023 | 10 | | DOCUMENTS LODGED consisting of correspondence from non–parties.. Note: attached document lodged for reference purposes only; no response required unless specifically ordered by the court. (alf) Modified on 5/8/2023 to correct typo. (alf). (Entered: 05/01/2023) |
| 05/05/2023 | 11 | | DOCUMENTS LODGED consisting of correspondence from non–parties. Note: attached document lodged for reference purposes only; no response required unless specifically ordered by the court. (alf) (Entered: 05/08/2023) |
| 05/05/2023 | 12 | | DOCUMENTS LODGED consisting of correspondence from non–parties. Note: attached document lodged for reference purposes only; no response |

| | | | |
|---|---|---|---|
| | | | required unless specifically ordered by the court. (alf) (Entered: 05/08/2023) |
| 05/08/2023 | 13 | | DOCUMENTS LODGED consisting of correspondence from non–parties. Note: attached document lodged for reference purposes only; no response required unless specifically ordered by the court. (alt) (Entered: 05/09/2023) |
| 05/15/2023 | 14 | | MEMORANDUM in Opposition re 7 MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support filed by Plaintiff Raland J. Brunson. (alf) (Entered: 05/16/2023) |
| 05/15/2023 | 15 | | DOCUMENTS LODGED consisting of correspondence from non–parties. Note: attached document lodged for reference purposes only; no response required unless specifically ordered by the court. (alf) (Additional attachment(s) added on 6/2/2023: # 1 recanned for OCR) (kb). (Entered: 05/16/2023) |
| 05/30/2023 | 16 | | REPLY to Response to Motion re 7 MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support filed by Defendants Ketanji Brown Jackson, Elena Kagan, Sonia Sotomayor. (Berndt, Amanda) (Entered: 05/30/2023) |
| 06/15/2023 | 17 | | REQUEST to Submit for Decision re 7 Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed by Plaintiff Raland J. Brunson. (dle) (Entered: 06/15/2023) |
| 07/07/2023 | 18 | | REPORT AND RECOMMENDATIONS re 7 MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support filed by Ketanji Brown Jackson, Elena Kagan, Sonia Sotomayor. The court HEREBY RECOMMENDS that Defendants' motion to dismiss be GRANTED and that this case be DISMISSED WITHOUT PREJUDICE for lack of subject–matter jurisdiction. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it. Failure to object may constitute waiver of objections upon subsequent review. Signed by Magistrate Judge Jared C. Bennett on 7/7/2023. (jwt) (Entered: 07/07/2023) |
| 07/17/2023 | 22 | | OBJECTION to 18 Report and Recommendations filed by Raland J. Brunson. (dle) (Entered: 08/10/2023) |
| 08/09/2023 | 19 | | **STRICKEN** ~~DOCKET TEXT ORDER. On July 7, 2023, Magistrate Judge Bennett entered~~ 18 ~~Report and Recommendation recommending that Defendants' motion to dismiss be granted and that this case be dismissed without prejudice for lack of subject matter jurisdiction. The Report and Recommendation further provided that [t]he parties must file any objections within fourteen days of being served with the Report and Recommendation and that [f]ailure to object may constitute waiver of objections upon subsequent review. Dkt. No. 18 at 7. Plaintiff has not filed, and thus has waived, any objections to the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 14950 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). Based on its review of the Report and Recommendation and the docket, the court cannot say that Magistrate Judge Bennett committed plain error. See Morales–Fernandez v. I.N.S., 418 F.3d 1116, 1122 (10th Cir. 2005). The court accordingly ADOPTS~~ 18 ~~Report and Recommendation. This action is DISMISSED WITHOUT PREJUDICE. SO ORDERED. Signed by Judge Howard C. Nielson, Jr., on 8/9/2023. No attached document. (tf)~~ Modified by |

| | | | striking docket entry on 8/10/2023 (dle). (Entered: 08/09/2023) |
|---|---|---|---|
| 08/10/2023 | 20 | | **STRICKEN** JUDGMENT IN A CIVIL CASE: This action is dismissed without prejudice. Case Closed. Signed by Judge Howard C. Nielson, Jr on 8/10/23. (dle) Modified by striking docket entry on 8/10/2023 (dle). (Entered: 08/10/2023) |
| 08/10/2023 | 21 | | Modification of Docket: Documents 19 Order on Report and Recommendations, 20 Judgment have been stricken from the docket as they were entered in error. (dle) (Entered: 08/10/2023) |
| 08/11/2023 | 23 | | DOCKET TEXT ORDER. On July 7, 2023, Magistrate Judge Bennett entered 18 Report and Recommendation recommending that Defendants' motion to dismiss be granted and that this case be dismissed without prejudice for lack of subject matter jurisdiction. On July 17, 2023, Plaintiff filed 22 Objection to Report and Recommendation. Having carefully reviewed the notice of removal, the complaint, the report and recommendation, and Plaintiff's objections, the court concludes that the objections are not well taken. The court accordingly OVERRULES Plaintiff's objections and ADOPTS Judge Bennett's report and recommendation. In the interests of justice, dismissal shall be without prejudice. This action is DISMISSED WITHOUT PREJUDICE. SO ORDERED. Signed by Judge Howard C. Nielson, Jr., on 8/11/2023. No attached document. (tf) (Entered: 08/11/2023) |
| 08/11/2023 | 24 | | JUDGMENT IN A CIVIL CASE: This action is dismissed without prejudice. Case closed. Signed by Judge Howard C. Nielson, Jr on 8/11/23. (dle) (Entered: 08/11/2023) |
| 08/15/2023 | 25 | | NOTICE OF APPEAL as to 24 Judgment, filed by Raland J. Brunson. Appeals to the USCA for the 10th Circuit. Fee Status: Not Paid. Filing fee $ 505. (dle) (Entered: 08/17/2023) |
| 08/17/2023 | 26 | | Transmission of Preliminary Record to USCA re 25 Notice of Appeal as to Tenth Circuit. (Attachments: # 1 Appendix) (dle) (Entered: 08/17/2023) |
| 08/17/2023 | 27 | | USCA Case Number Case Appealed to 10th Circuit Case Number 23–4108 for 25 Notice of Appeal filed by Raland J. Brunson. This form must be filed in both the district court and this court. See letter for additional information. (mh) (Entered: 08/17/2023) |
| 09/12/2023 | 28 | | USCA Appeal Fees received $ 505 receipt number 3467 re 25 Notice of Appeal filed by Raland J. Brunson (haa) (Entered: 09/12/2023) |

TRINA A. HIGGINS, United States Attorney (7349)
AMANDA A. BERNDT, Assistant United States Attorney (15370)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
amanda.berndt@usdoj.gov

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| RALAND J. BRUNSON,<br><br>               Plaintiff,<br><br>   v.<br><br>SONIA SOTOMAYOR, ELENA KAGAN, KETANJI BROWN JACKSON, in their official capacities as Justices of the Supreme Court of the United States, and JOHN and JANE DOES 1-100,<br><br>               Defendants. | **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1442(a)**<br><br>Case No. 1:23-cv-00042<br><br>Formerly Utah State Court Case No. 230901367 |

Defendants Sonia Sotomayor, Elena Kagan, and Ketanji Brown Jackson (collectively Defendants), through undersigned counsel, hereby submit this notice of removal of the above-captioned civil action from the Second Judicial District in the State of Utah, to the United States District Court for the District of Utah, pursuant to 28 U.S.C. § 1442(a), and in support state:

      1.     On March 7, 2023, plaintiff Raland Brunson filed a complaint against Defendants, in their official capacities as Associate Justices of the United States Supreme Court, in the Second Judicial District, Case No. 230901367. Plaintiff asserts claims for breach of contract, intentional infliction of emotional distress, fraud, and civil conspiracy. Plaintiff's claims are

premised on the Supreme Court's denial of his petition for writ of certiorari in *Brunson v. Adams, et al.*, No. 22-380.

2.     A copy of the complaint in the state court is attached as Exhibit A, in accordance with 28 U.S.C. § 1446(a). Neither a summons nor a complaint has been served on the United States Attorney's Office.

3.     Pursuant to 28 U.S.C. § 1442(a)(3), any civil action commenced in a state court against officers of the courts of the United States that relates to the performance of their duties may be removed to the district court for the district and division embracing the place where the state court action is pending. Thus, because Defendants are officers of the Supreme Court of the United States and plaintiff asserts claims against them in their official capacities as Associate Supreme Court Justices, removal under § 1442(a)(3) is appropriate.

4.     Accordingly, pursuant to 28 U.S.C. §§ 1442(a) and 1446(a), this Notice of Removal is being filed in the United States District Court for the District of Utah, within which plaintiff filed the state court action.

5.     In accordance with 28 U.S.C. § 1446(a) and DUCivR 81-2(b)(2), a copy of the state court docket is attached as Exhibit B. No scheduling order has been entered in the state court action.

6.     Upon the filing of this Notice of Removal, Defendants will timely file a copy of the Notice with the clerk of the State Court in which the action is pending, and notice shall be given to all adverse parties, pursuant to 28 U.S.C. § 1446(d).

7.     By removing this case to federal court, Defendants do not waive any available defense, nor do they admit any allegations in the Complaint.

WHEREFORE, this action now pending in the Second Judicial District for the State of

Utah is properly removed to this court pursuant to 28 U.S.C. § 1442(a).

Dated this 12th day of April, 2023.

TRINA A. HIGGINS
United States Attorney

*/s/ Amanda A. Berndt*
AMANDA A. BERNDT
Assistant United States Attorney

CERTIFICATE OF SERVICE

The undersigned employee of the United States Attorney's Office hereby certifies that on

April 12, 2023, the following document:

**Notice of Removal**

was served by U.S. Mail and electronic mail to the following individual:

Raland J. Brunson
4287 South Harrison Boulevard, #132
Ogden, Utah 84403
thedreamofthecentury@gmail.com

/s/ Amanda A. Berndt
AMANDA A. BERNDT
Assistant United States Attorney

# EXHIBIT A

**Raland J Brunson**
**4287 South Harrison Blvd., #132**
**Ogden, Utah 84403**
**Phone: 385-492-4898**
**Email: thedreamofthecentury@gmail.com**
**Pro Se**

## IN THE SECOND JUDICIAL DISTRICT COURT,

## WEBER COUNTY, STATE OF UTAH

| | |
|---|---|
| RALAND J BRUNSN,<br><br>Plaintiff,<br><br>vs.<br><br>Named persons in their capacities as Honorable Justices of the Supreme Court of the United States: SONIA SOTOMAYOR, ELENA KAGAN, KETANJI BROWN JACKSON, JOHN and JANE DOES 1-100, Defendants. | **COMPLAINT**<br><br>Case No. *23,090l3b7LN*<br><br>Judge: *JWB*<br><br><br>**TRIAL BY JURY DEMANDED** |

Comes now Plaintiff, Raland J Brunson ("Brunson") in pro se, based upon facts, information and beliefs, alleges against Defendants as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff is an individual residing in Weber County, State of Utah.

2.    Defendants all have an office, or workplace in Washington, DC.

3.    Plaintiff's right to bring this action includes, but not limited to, Amendment I of the United States Constitution which states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, <u>and to petition the Government for a redress of grievances.</u>" (Underline added)

1

4.      This Court has jurisdiction pursuant to U.C.A. §78B-3-307.

## SUPPORTIVE BACKDROP COMMON TO ALL ALLEGATIONS

## —THE CONSTITUTION—

5.      "*We the People*" created our Government, therefore "*We*" are the creators of our Government.  And if "*We*" are the creators of our Government then in simple terms "*We*" are the rulers of our Government.  "*We*" are the masters and Government is our servant, or "*We*" are the employers and Government is our employee.  Government works for "*We the People*" and is subject to "*We the People*".  And whenever Government acts in ways that is contrary to our God-given rights as referred in the Declaration of Independence, then "*We*" have the right "to abolish it, and to institute new Government" that will be subject to "We" as their employers and rulers. (*See* the second clause of the Declaration of Independence.)

6.      "*We the People*" have commissioned Government to secure our rights.  "We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness, — That to secure these rights, governments are instituted among Men, deriving their just powers from the consent of the governed." (*See* the second clause of the Declaration of Independence.)  Therefore, "*We*" have instructed Government and memorialized in public record that our rights are NOT given to us by Government.

7.      Therefore, in commissioning a government to secure these rights, "*We the People*" created the Constitution of the United States with the first ten amendments which was ratified in 1791.  This is the official and only Constitution.  The first 10 amendments were defined by Congress as "further declaratory and restrictive clauses".  These clauses are set in place to restrict the Constitution from ever being an instrument that Government could use to

infringe upon our rights of *"We the People"*. On this premise these rights shall always restrict our Government. "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."—Amendment IX.

8.      Brunson received his rights by our divine Creator and the Constitution is set in place to protect these rights. Therefore, *"We the People"* are the master, ruler or employer of our government.

9.      The 2nd Clause of the Declaration of Independence states: "We hold these truths to be self evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness, -That to secure these rights, governments are instituted among Men, deriving their just powers from the consent of the governed. . ."

10.     Our unalienable rights are given to us from God and therefore no Government has the legal power to make laws that deny or disparage them without being guilty of committing crimes against humanity.

11.     The Utah State Supreme Court supports the fact that our rights do not come from government as found in the case of *American Bush v. City Of South Salt Lake,* 2006 UT 40 140 P.3d.1235 which states "In considering State constitutions we must not commit the mistake of supposing that, because individual rights are guarded and protected by them, they must also be considered as owing their origin to them. These instruments measure the powers of the rulers, but they do not measure the rights of the governed. . . . [A state constitution] is not the beginning of a community, nor the origin of private rights; it is not the fountain of law, nor the incipient state of government; it is not the cause, but consequence, of personal and political freedom; **it grants no rights to the people**, but is the creature of their power, the instrument of their

convenience. Designed for their protection in the enjoyment of the **rights and powers which they possessed before the constitution was made,** it is but the framework of the political government . . . It presupposes an organized society, law, order, property, personal freedom, a love of political liberty, and enough of cultivated intelligence to know how to guard it against the encroachments of tyranny." (Bold emphasis added)

12.    Amendment 9 of the Constitution of the United States (known as the interpretation clause) clarifies the fact that no government has the right to misconstrue with our said rights which states, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." In other words, Congress has no power to enact laws that would violate our God-given rights.

13.    Powers put into place that fail to protect our said rights entitle mankind to " . . . dissolve the political bands which have connected them with another, and to assume among the powers of the earth, the separate and equal station to which the Laws of Nature and of Nature's God entitle them, a decent respect to the opinions of mankind requires that they should declare the causes which impel them to the separation." (First clause of the Declaration of Independence.)

14.    The exclusive powers extended to the legislative branch of Congress for the making of laws are subject to Amendment IX of the U.S. Constitution, and as such "This Constitution, and the Laws of the United States which shall be made Pursuance thereof; . . .shall be the supreme Law of the land; . . .". *See* Article VI, U.S. Constitution.

15.    The U.S. Constitution was written with honor, respect and recognition of our Lord Jesus Christ as memorialized in Article VII Clause 3 which states, " . . . in the Year of our Lord . . ."

16.     The Prophet Isaiah 30: 9, of the King James version of the Holy Bible states, "That this is a rebellious people, lying children, children that will not hear the law of the Lord."

17.     The "law of the Lord" spoken of by Isaiah is the U.S. Constitution as claimed by George Albert Smith, a former president of the Church of Jesus Christ of Latter-Day Saints.

18.     George Albert Smith On September 23, 1945, while giving a dedicatory prayer of the Idaho Temple, stated, " . . .'for this purpose have I established the Constitution of this land . . .' [**D&C 101:80**] . . . to fulfill the ancient prophecy of Isaiah that 'out of Zion shall go forth the law and the word of the Lord from Jerusalem.' [**Isaiah 2:3**]". (*Brackets and bold emphasis added*)

19.     The said D&C is the Doctrine and Covenants of the Church of Jesus Christ of Latter-Day Saints.

20.

## —THE OATH OF OFFICE—

21.     Defendants swore an allegiance to the Constitution known as the Oath of Office.

22.     "Let it simply be asked, where is the security for property, for reputation for life, if the sense of moral and religious obligation desert the oaths which are the instruments of investigation in courts of justice." —*George Washington* on the sanctity of oaths.

23.     5 U.S. Code § 3331 states "An individual, except the President, elected or appointed to an office of honor or profit in the civil service or uniformed services, shall take the following oath: "I, AB, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on

which I am about to enter. So help me God." This section does not affect other oaths required by law.

24.     The U.S. Constitution, Article VI, clause 3 states *"The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution; but no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States."*

25.     5 U.S.C. § 7311 States: "An individual may not accept or hold a position in the Government of the United States or the government of the District of Columbia if he—

> (1) advocates the overthrow of our constitutional form of government;
>
> (2) is a member of an organization that he knows advocates the overthrow of our constitutional form of government;
>
> (3) participates in a strike, or asserts the right to strike, against the Government of the United States or the government of the District of Columbia; or
>
> (4) is a member of an organization of employees of the Government of the United States or of individuals employed by the government of the District of Columbia that he knows asserts the right to strike against the Government of the United States or the government of the District of Columbia."

26.     18 U.S.C. § 1918 states "Whoever violates the provision of section 7311 of title 5 that an individual may not accept or hold a position in the Government of the United States or the government of the District of Columbia if he—

> (1) advocates the overthrow of our constitutional form of government;
>
> (2) is a member of an organization that he knows advocates the overthrow of our constitutional form of government;
>
> (3) participates in a strike, or asserts the right to strike, against the Government of the United States or the government of the District of Columbia; or

(5) is a member of an organization of employees of the Government of the United
States or of individuals employed by the government of the District of
Columbia that he knows asserts the right to strike against the Government of
the United States or the government of the District of Columbia;

shall be fined under this title or imprisoned not more than one year and a day, or
both."

27.     The definition of "advocate" is further specified in Executive Order 10450 which

for the purposes of enforcement supplements 5 U.S.C. 7311. One provision of Executive Order

10450 specifies it is a violation of 5 U.S.C. 7311 for any person taking the oath of office to

advocate "the alteration ... of the form of the government of the United States by unconstitutional

means." Our form of government is defined by the Constitution of the United States. It can only

be "altered" by constitutional amendment while adhering strictly to the controlling clause of

Amendment IX.  Thus, according to Executive Order 10450 (and therefore 5 U.S. 7311) any act

taken by government officials who have taken the oath of office prescribed by 5 U.S.C.

3331which alters the form of government other by amendment, is a criminal violation of the 5

U.S.C. 7311.

## THE CONTRACT

28.     Being that "We the People" created the Constitution to protect our said rights, the

Oath of Office that the Defendants have taken is a contract, it binds them to restrictions from

ever protecting laws that would violate Brunson's rights.  The Defendants swore to uphold,

protect and defend the Constitution with penalties for certain violations. "Whoever, owing

allegiance to the United States, levies war against them or adheres to their enemies, giving them

aid and comfort within the United States or elsewhere, is guilty of treason and shall suffer death,

or shall be imprisoned not less than five years and fined under this title but not less than $10,000;

and shall be incapable of holding any office under the United States." (*See* 18 U.S. § 2381.)

29.     Defendants are sworn to be the defenders of Brunson's rights by way of the

Constitution.  This is their duty. this is their contract which they freely agreed and swore to do.

## FACTS COMMON TO ALL ALLEGATIONS

30.     On January 6, 2023 Brunson's petition for writ of certiorari ("Petition") was

scheduled for conference.  Docket No. 22-380 of the Supreme Court of the United States

("SCOTUS").

31.     This Petition perfected constructive knowledge[1] to Defendants of the following:

32.     The Petition alleged as an uncontestable fact that a serious national security

breach exists, and in order to correct, or remedy this breach, it would require the removal of a

sitting President and Vice President of the United States along with many members of Congress.

33.     The Petition also alleged as an uncontestable fact that the named respondents in

the Petition had violated their Oath of Office by giving aid and comfort to an enemy raging war

against the Constitution and the United States.  According to 18 U.S. § 2381 this is an act of

treason.

34.     The Petition alleges that this war is current and ongoing.

35.     Pursuant to the Petition the Respondents became enemies raging war against the

Constitution and the United States.

36.     The Petition stated that during the 117th session of Congress 100 members of

Congress claimed to have provided facts and evidence that the 2020 Presidential election was

breached and therefore moved Congress to investigate these claims.  The respondents on that day

voted not to investigate these claims despite the fact that a breach in the electoral process is an

---

[1] "Constructive notice in law creates an irrebuttable presumption of actual notice." Mooney v. Harlin, 622 SW 2d 83.

8

act of war.  The purpose of war is to put into power its victor and a breach in the electoral process does the same thing; to put into power its victor.

37.     So on January 6, 2021 pursuant to 18 U.S. § 2381 the respondents committed high treason by becoming enemies waging war against the Constitution and the United States by voting to thwart the investigation of claims that the said election was breached.

38.     The Petition also stated that the doctrine of equitable maxim created by SCOTUS violates the Object Principle of Justice, and that had SCOTUS granted Docket No. 18-1147 this would have given SCOTUS the opportunity to rectify these serious conflicting doctrines affecting every court in the United States.  "It is emphatically the province and duty of the judicial department to say what the law is." *Marbury v Madison*, 5 US 137 (1 Cranch) (1803).

39.     Despite Defendants being recipients of the said constructive notice, on January 9th the docket of SCOTUS posted that the Petition was denied.  Defendants did not provide any reason for this denial.

40.     Pursuant to Defendants duty under their contract, and under *Marbury*, and under The Object Principle of Justice, Defendants had a duty to address the Petition and to disregard the Judicial Act of 1925 which unconstitutionally gave them power of discretion in deciding what cases they wish to address.

41.     On January 9th, 2023 the Defendants denied the Petition without reason.

42.     And then on January 23, 2023 Brunson's filed a petition for rehearing ("Rehearing").  Once again this Rehearing perfected constructive notice to Defendants of what has already been given to Defendants.

43.     The Rehearing also perfected constructive notice to Defendants of; (i) how binding the Oath of Office is, (ii) how investigation has monumental importance in identifying

9

an enemy, (iii) how allegations of war should be investigated, (iv) how petitioning the

government for redress of grievances can be done through a lawsuit, (v) how Defendants should

adjudicate this case, (vi) how fraud vitiated Congresses power to count the votes under

Amendment XII until the investigation resoled any claims of a breach in the electoral process,

and (vii) how the doctrine of equitable maxim is unconstitutional.

44.     The Rehearing was set for a conference date February 17, 2023.

45.     On February 21, 2023 the Rehearing was denied constituting the same breach as

stated above by the Defendants.

### FIRST CAUSE OF ACTION
**(Breach of Contract— as to all the Defendants)**

46.     Plaintiff hereby incorporates all preceding and foregoing paragraphs as though set

forth fully herein.

47.     On October 20, 2022 Defendants entered into an agreement known as the Petition.

48.     Under the terms of this Petition Brunson paid Defendants $300.00 in addition to

their paid salary, and then Brunson received from Defendants a Docket No. 22-380 on or about

October 20, 2022.

49.     Per the above statements Defendants had a duty, a contract, to hear Brunson's

Petition.

50.     The Defendants breached their sworn duty, their contract with Brunson as

described above, when they denied the Petition.

51.     Brunson then again approached the Defendants and paid them another $200.00 on

January 23rd, 2023 under known as a Rehearing in order for them to hear his Petition.

52.     And then On February 21, 2020 Defendant denied the Rehearing without giving

any reason whatsoever.

10

53.     These denials damaged Brunson of the dollar amount he's seeking against the
Respondents in the full total amount of $2,905,000,000 (2 billion 905 million U.S. dollars) in
U.S. legal tender, tax free.

## SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress — as to all the Defendants)

54.     Plaintiff hereby incorporates all preceding and foregoing paragraphs as though
set forth fully herein.

55.     Each of the Defendants took their oath of office without any mental reservations
knowing full well what it meant.

56.     As stated above, the oath of office is also a promise to Brunson.

57.     The Defendants purposely and maliciously violated their oath of office when they
denied the Petition and Rehearing.

58.     This denial is an assault against Brunson's wellbeing and general sense of safety,
and it has served upon Brunson emotional damage causing him fear from the highest court in the
land that was set up to be the keeper of Brunson's rights, but instead offers protection against
such violators.

59.     This damage causes fear that Defendants are now on a course to violate Brunson's
right to freely travel, to make a living, to have privacy, to own property and essentially
destroying his liberties.

60.     Brunson's daily emotional distress and suffering finds moments of relief when
Brunson envisions that the Defendants be removed from office without delay for violating their
oath.

## THIRD CAUSE OF ACTION
### (Fraud— as to all the Defendants)

61.     Plaintiff hereby incorporates all preceding and foregoing paragraphs as though set forth fully herein.

62.     In Washington, DC on January 6, 2023 and on February 23rd, 2023 Defendants made public Brunson's Petition and Rehearing, to which they agreed that they would protect Brunson's right to be heard, and that they would vindicate Brunson for the damages caused by the Respondents who have engaged in fraud and war against Brunson and the Constitution as stated in the Petition and Rehearing.

63.     As stated above, the Defendants knew that Brunson relied upon them to stop the war when he paid his filing fee money and when the Defendants accepted their salary.

64.     On January 21, 2023 Defendants denied the Petition, and then on February 23 Defendants denied the Rehearing.

65.     These two denials completed the fraudulent acts of Defendants, and they kept the filing fee money along with their paid salaries.

66.     According to 18 U.S. § 2381 the Defendants committed acts of treason and committed fraud against Brunson when they denied the Petition and Rehearing for the reasons stated above.

### FOURTH CAUSE OF ACTION
**(Civil Conspiracy – as to all the Defendants)**

67.     Plaintiff hereby incorporates all preceding and foregoing paragraphs as though set forth fully herein.

68.     Each of the causes of actions stated herein tie into this cause of action.

69.     Defendants all worked in concert committing civil conspiracy in denying the Petition and Rehearing which provides the dates, where and who was all involved.

70.    The Defendants had constructive knowledge knowing full well that their denial of the Petition and Rehearing were acts of, but no limited to, fraud.

**WHEREFORE** Plaintiff prays for relief against the Defendants as follows with any and all money damages to be tax free:

Relief Under the First Cause Of Action:

71.    Defendants are to be removed from office with an order that they never be allowed to serve in any government office found anywhere in the United States of America nor serve in the legal profession for the rest of their lives.

72.    Defendants shall be forbidden to collect any further payments, or retirements, or income derived from the U.S. Government for their services rendered to the U.S. Government.

73.    Judgment against Defendants shall incorporate the fact that each of the Defendants failed to protect the U.S. Constitution.

74.    Judgment against the Defendants shall incorporate the fact that each of the Defendants gave aid and comfort to enemies of the U.S. Constitution.

75.    Judgment against the Defendants shall incorporate a recommendation that the Defendants should be investigated for treason according to 18 U.S. § 2381.

76.    Defendants, shall each pay $968,333,333 in U.S. legal tender tax free. (This is ⅓ of $2,905,000,000.)

**Relief Under the Second Cause Of Action:**

77.    Defendants are to be removed from office with an order that they are never to be allowed to serve in any government office found anywhere in the United States of America nor serve in the legal profession for the rest of their lives.

78.   Defendants shall be forbidden to collect any further payments, or retirements, or income derived from the U.S. Government for their services rendered to the U.S. Government.

79.   Judgment against Defendants shall incorporate the fact that each of the Defendants failed to protect the U.S. Constitution.

80.   Judgment against the Defendants shall incorporate the fact that each of the Defendants gave aid and comfort to enemies of the U.S. Constitution.

81.   Judgment against the Defendants shall incorporate a recommendation that the Defendants should be investigated for treason.

82.   Defendants shall each pay $10,000,000 (Ten Million Dollars payable in United States legal tender money).

**Relief Under the Third Cause Of Action**:

83.   Defendants are to be removed from office with an order that they are never to be allowed to serve in any government office found anywhere in the United States of America nor serve in the legal profession for the rest of their lives.

84.   Defendants shall be forbidden to collect any further payments, or retirements, or income derived from the U.S. Government for their services rendered to the U.S. Government.

85.   Judgment against Defendants shall incorporate the fact that each of the Defendants failed to protect the U.S. Constitution.

86.   Judgment against the Defendants shall incorporate the fact that each of the Defendants gave aid and comfort to enemies of the U.S. Constitution.

87.   Judgment against the Defendants shall incorporate a recommendation that the Defendants should be investigated for treason according to 18 U.S. § 2381.

88.   Defendants shall each pay $10,000,000 (Ten Million Dollars payable in United States legal tender money).

**Relief Under the Fourth Cause of Action:**

89.   Defendants are to be removed from office with an order that they are never to be allowed to serve in any government office found anywhere in the United States of America nor serve in the legal profession for the rest of their lives.

90.   Defendants shall be forbidden to collect any further payments, or retirements, or income derived from the U.S. Government for their services rendered to the U.S. Government.

91.   Judgment against Defendants shall incorporate the fact that each of the Defendants failed to protect the U.S. Constitution.

92.   Judgment against the Defendants shall incorporate the fact that each of the Defendants gave aid and comfort to enemies of the U.S. Constitution.

93.   Judgment against the Defendants shall incorporate a recommendation that the Defendants should be investigated for treason according to 18 U.S. § 2381,

94.   Defendants shall each pay $10,000,000 (Ten Million Dollars payable in United States legal tender money).

95.   **TOTAL AMOUNT OF MONEY DAMAGES**:  tax free $3,108,000,000 (3 Billion 108 million dollars of US legal currency).

96.   And for any such other relief that the Court may deem proper.

Dated this the 7th, day of March, 2023.


Raland J Brunson
Plaintiff

**Utah District Court Cover Sheet for All Civil Actions Except Probate Cases**

| **Interpretation.** If you do not speak or understand English, the court will provide an interpreter. Contact court staff immediately to ask for an interpreter. | **Interpretación.** Si usted no habla ni entiende el Inglés el tribunal le proveerá un intérprete. Contacte a un empleado del tribunal inmediatamente para pedir un intérprete. |
|---|---|

**Plaintiff/Petitioner (First)**
Raland J Brunson
Name

4287 South Harrision Blvd. #132
Address

Ogden, UT 84403
City, State, Zip

~385-492-4898        thedreamofthecentury@gmail.com
Phone                      Email

**Defendant/Respondent (First)**
*Elena Kagan*
Name

*Supreme Court US*
Address

*Washington D.C.*
*20543*
City, State, Zip

Phone                      Email

**First Plaintiff/Petitioner's Attorney or Licensed Paralegal Practitioner***

Name

Bar Number

**First Defendant/Respondent's Attorney or Licensed Paralegal Practitioner***

*Ketanji Brown Jackson*
Name

*20543*
Bar Number

**Plaintiff/Petitioner (Second)**

Name

Address

City, State, Zip

Phone                      Email

**Defendant/Respondent (Second)**
*Sonia Sotomayor*
Name

*Supreme Court US*
Address

*Washington D.C.*
City, State, Zip

Phone                                    *Defendant*

**Second Plaintiff/Petitioner's Attorney or Licensed Paralegal Practitioner***

Name

Bar Number

**Second Defendant/Respondent's Attorney or Licensed Paralegal Practitioner***

*Ketanji Brown Jackson*
*Supreme Court US*
Name

*20543*        *Washington DC*
Bar Number

*Attorney or LPP  addresses provided by Utah State Bar.

**Total Claim for Damages $** 3,108,000,000    **Jury Demand** [ ]Yes [x] No    $250 [ ] Jury Demand

**Schedule of Fees: §78A-2-301** (Choose all that apply. See Page 2 for fees for claims other than claims for damages.)

| CHOOSE ONE: | |
|---|---|
| [ ] No monetary damages are requested (URCP 26: Tier 2) | $100    [ ] Damages $2001 - $9,999 |
| [ ] Damages requested are $50,000 or less (URCP 26: Tier 1) | $187.50  [ ] Damages $10,000 & over |
| | — — COMPLAINT OR INTERPLEADER — — |
| [ ] Damages requested are more than $50,000 and less than $300,000 (URCP 26: Tier 2) | $90    [ ] Damages $2000 or less |
| | $200    [ ] Damages $2001 - $9999 |
| [x] Damages requested are $300,000 or more (URCP 26: Tier 3) | $375    [X] Damages $10,000 & over |
| [ ] Domestic relations (URCP 26: Tier 4) | $375    [ ] Damages Unspecified |
| [ ] Damages are unspecified. | — — COUNTERCLAIM, CROSS CLAIM, THIRD PARTY CLAIM, OR INTERVENTION — — |
| Circle one:  Tier 1   Tier 2   Tier 3 | $55    [ ] Damages $2000 or less |
| [ ] This case is exempt from URCP 26. (E) | $165    [ ] Damages $2001 - $9999 |
| | $170    [ ] Damages $10,000 & over |

— — MOTION TO RENEW JUDGMENT — —
$45   [ ] Damages $2000 or less

**Choose One**

| Fee | | Case Type |
|---|---|---|
| | | **— — — — APPEALS — — — —** |
| $375 | [ ] | Administrative Agency Review |
| Sch | [ ] | Tax Court (Appeal of Tax Commission Decision) Court: Refer to Clerk of Court upon filing. |
| $240 | [ ] | Civil (78A-2-301(1)(h)) (E) |
| $240 | [ ] | Small Claims Trial De Novo (E) |
| $80 | [ ] | Municipal Admin. Determination. (E) |
| | | **— — — GENERAL CIVIL — — —** |
| Sch | [ ] | Civil Rights |
| $0 | [ ] | Civil Stalking (E) |
| $375 | [ ] | Condemnation/Eminent Domain |
| Sch | [x] | Contracts |
| Sch | [ ] | Contract: Employment Discrimination |
| Sch | [ ] | Contract: Fraud |
| Sch | [ ] | Debt Collection |
| $375 | [ ] | Essential Treatment Intervention (62A-15-1203) |
| Sch | [ ] | Eviction/Forcible Entry and Detainer (E) |
| $375 | [ ] | Extraordinary Relief/Writs |
| $375 | [ ] | Forfeiture of Property (E) |
| Sch | [ ] | Interpleader |
| Sch | [ ] | Lien/Mortgage Foreclosure |
| Sch | [ ] | Miscellaneous Civil |
| $375 | [ ] | Post Conviction Relief: Capital (E) |
| $375 | [ ] | Post Conviction Relief: Non-capital (E) |
| Sch | [ ] | Property Rights |
| $375 | [ ] | Registry Removal (Gun/White Collar) |
| Sch | [ ] | Sexual Harassment |
| Sch | [ ] | Water Rights |
| $375 | [ ] | Wrongful Lien |
| Sch | [ ] | Wrongful Termination |
| | | **— — — — — TORTS — — — — —** |
| Sch | [ ] | Automobile Tort |
| Sch | [ ] | Intentional Tort |
| Sch | [ ] | Malpractice-Medical Tort |
| Sch | [ ] | Malpractice-Legal Tort; Other |
| Sch | [ ] | Premises Liability |
| Sch | [ ] | Asbestos |
| Sch | [ ] | Product Liability (NOT Asbestos) |
| Sch | [ ] | Slander/Libel/Defamation |
| | | **— — — DOMESTIC RELATIONS — — —** |
| $0 | [ ] | Protective Orders (E) |
| $325 | [ ] | Marriage Adjudication  (T4) |
| $325 | [ ] | Divorce/Annulment (T4) |
| | [ ] | Check if child support, custody or parent-time will be part of decree |
| | [ ] | Check if Temporary Separation filed |

| Fee | | Case Type |
|---|---|---|
| $325 | [ ] | Custody/Visitation/Support (T4) |
| $8 | [ ] | Vital Statistics §26-2-25 per form |
| $130 | [ ] | Counterclaim: Divorce/Separate Maintenance |
| $130 | [ ] | Counterclaim: Custody/Visit/Support |
| $170 | [ ] | Counterclaim: Paternity/Grandparent Visitation |
| $100 | [ ] | Domestic Modification (T4) |
| $100 | [ ] | Counter-petition: Domestic Modification |
| $375 | [ ] | Grandparent Visitation (T4) |
| $375 | [ ] | Paternity/Parentage (T4) |
| $325 | [ ] | Separate Maintenance (T4) |
| $35 | [ ] | Temporary Separation (E) |
| $35 | [ ] | Uniform Child Custody Jurisdiction & Enforcement Act (UCCJEA) (E) |
| $35 | [ ] | Uniform Interstate Family Support Act (UIFSA) (E) |
| | | **— — — — JUDGMENTS — — — —** |
| $35 | [ ] | Foreign Judgment (Abstract of) (E) |
| $375 | [ ] | Foreign Country Judgment (E) |
| $50 | [ ] | Abstract of Judgment/Order of Utah Court/Agency (E) |
| $30 | [ ] | Abstract of Judgment/Order of Utah State Tax Commission (E) |
| $35 | [ ] | Judgment by Confession (E) |
| | | **— — — — PROBATE — — — —** |

**Use the Utah District Court Cover Sheet for Probate Actions for the following:**

Adoptions/foreign adoptions; conservatorships; estate personal rep; foreign probate; gestational agreements; guardianships; minor's settlements; name changes; supervised administration cases; trusts; other probate actions

| | | |
|---|---|---|
| | | **— — — SPECIAL MATTERS — — — —** |
| $35 | [ ] | Arbitration Award (E) |
| $0 | [ ] | Determination Competency-Criminal (E) |
| $0 | [ ] | Expungement Petition (E) |
| $0 | [ ] | Hospital Lien (E) |
| $35 | [ ] | Judicial Approval of Document: Not Part of Pending Case (E) |
| $35 | [ ] | Notice of Deposition in Out-of-State Case/Foreign Subpoena (E) |
| $35 | [ ] | Open Sealed Record (E) |
| $50 | [ ] | Petition for Adjudication of Priority to Funds on Trustee's Sale |
| | | **— — — — — — OCAP — — — — — —** |
| | | (Utah Code §78A-2-501) |
| $20 | [ ] | Documents prepared using Online Court Assistance Program (OCAP) |

# EXHIBIT B

4/12/23, 10:29 AM

Case 1:23-cv-00042-HCN  Document 1-2  Filed 04/12/23  Page 2 of 2  PageID 25
Appellate Case: 23-4108    Document: 010110918352    Date Filed: 09/13/2023    Page: 29

Case History / Documents

**SECOND DISTRICT COURT - OGDEN**

**WEBER, STATE OF UTAH**

**BRUNSON, RALAND J vs. KAGAN, ELENA, et al.**

| Case Number | Current Assigned Judge |
|---|---|
| 230901367 - Contracts | JOSEPH BEAN |

### Parties

| Relationship | Party | Represented By |
|---|---|---|
| Plaintiff | RALAND J BRUNSON | |
| Defendant | ELENA KAGAN | |
| Defendant | SONIA SOTOMAYOR | |
| Defendant | KETANJI BROWN JACKSON | |

### Events

| # | Description | Case Number | Filing Date | View? |
|---|---|---|---|---|
| | Case filed by trinaf | 230901367 | 2023-03-07 | |
| 1 | Filed: Complaint | 230901367 | 2023-03-07 | View |
| | Fee Account created | 230901367 | 2023-03-07 | |
| | Fee Payment | 18964225 | 2023-03-07 | |
| | Fee Account created | 230901367 | 2023-03-07 | |
| 2 | Filed: Summons (Elena Kagan) | 230901367 | 2023-03-07 | View |
| 3 | Filed: Summons (Ketanji) | 230901367 | 2023-03-07 | View |
| 4 | Filed: Summons (Sonia Sotomayor) | 230901367 | 2023-03-07 | View |
| | Fee Account created | 230901367 | 2023-03-15 | |
| | Fee Payment | 18973545 | 2023-03-15 | |
| 5 | Filed: Summons (Ketanji) | 230901367 | 2023-03-16 | View |
| 6 | Filed: Return Summons and Complaint | 230901367 | 2023-03-24 | View |
| 7 | Filed: Return Summons and Complaint | 230901367 | 2023-03-24 | View |
| 8 | Filed: Return Summons and Complaint | 230901367 | 2023-03-24 | View |

### Account Summary

| Account | Detail | | |
|---|---|---|---|
| REVENUE DETAIL - TYPE: COMPLAINT 10K-MORE | Amount Due: | $ | 375.00 |
| | Amount Paid: | $ | 375.00 |

Print PDF   Get Purchase Info   **Warning, do not refresh or click the browser back button, you will lose your search results.**   Back to Search

https://apps.utcourts.gov/XchangeWEB/SearchServlet

29

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RALAND J. BRUNSON, pro se | SONIA SOTOMAYOR, ELENA KAJAN, KETANJI BROWN JACKSON, and JOHN/JANE DOES 1-100 |

**(b)** County of Residence of First Listed Plaintiff   Weber
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
4287 S. Harrison Boulevard, #132, Ogden, Utah 84403
(385) 492-4898; thedreamofthecentury@gmail.com

Attorneys *(If Known)*
Amanda A. Berndt, Assistant United States Attorney
111 Main Streeet, Suite 1800, Salt Lake City, Utah 84111
(801) 524-5682; amanda.berndt@usdoj.gov

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question *(U.S. Government Not a Party)*
☒ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☒ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1442(a)
Brief description of cause:
Action asserting contract and tort claims against Defendants for denying plaintiff's petition for writ of certiorari

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| April 12, 2023 | /s/ Amanda A. Berndt |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below**; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

TRINA A. HIGGINS, United States Attorney (7349)
AMANDA A. BERNDT, Assistant United States Attorney (15370)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
amanda.berndt@usdoj.gov

---

### UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH

| | |
|---|---|
| RALAND J. BRUNSON, <br><br> Plaintiff, <br><br> v. <br><br> SONIA SOTOMAYOR, ELENA KAGAN, KETANJI BROWN JACKSON, JOHN and JANE DOES 1–100, <br><br> Defendants. | **MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION** <br><br> Case No. 1:23-cv-00042-HCN-JCB <br><br> Judge Howard C. Nielson <br> Magistrate Judge Jared C. Bennett |

### INTRODUCTION

Defendants Sonia Sotomayor, Elena Kagan, and Ketanji Brown Jackson (collectively "Defendants") respectfully request that this matter be dismissed pursuant to FED. R. CIV. P. 12(b)(1) because the doctrine of derivative jurisdiction deprives this Court of jurisdiction over this removed action.

### BACKGROUND

Plaintiff Raland J. Brunson, *pro se*, initiated this action against Defendants, in their official capacities as Associate Justices of the United States Supreme Court, in the Second

Judicial District Court of Utah ("state court"), Case No. 230901367, on March 7, 2023.[1]

Brunson's claims—which include breach of contract, intentional infliction of emotional distress, fraud, and civil conspiracy—arise from the Supreme Court's denial of his petition for writ of certiorari in *Brunson v. Adams, et al.*, No. 22-380.[2]

 The United States Attorney's Office for the District of Utah removed the action to this Court pursuant to 28 U.S.C. § 1442(a) on April 13, 2023.[3]

## STANDARD OF REVIEW

 Under FED. R. CIV. P. 12(b)(1), a court should "presume no jurisdiction exists."[4] The burden of establishing subject-matter jurisdiction "rests upon the party asserting jurisdiction."[5] To establish jurisdiction, a plaintiff "must 'allege in his pleading the facts essential to show jurisdiction' and 'must support [those facts] by competent proof.'"[6] Where, as here, the defendant's motion is a facial attack on the complaint's allegations, a court must accept the factual allegations in the complaint as true.[7] While a *pro se* litigant's pleadings should be

---

[1] *See* Compl. (Docket No. 1-1).

[2] *Id.*

[3] *See* Notice of Removal (Docket No. 1).

[4] *United States ex rel. Precision Co. v. Koch Indus.*, 971 F.2d 548, 551 (10th Cir. 1992).

[5] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[6] *Koch Indus.*, 971 F.2d at 551 (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

[7] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

"liberally construed,"[8] a plaintiff's *pro se* status does not "excuse the obligation of any litigant"

to comply with all jurisdictional and procedural rules.[9]

<div align="center">

**ARGUMENT**

</div>

The doctrine of derivative jurisdiction provides that a federal court's jurisdiction upon

removal "is derivative in nature and does not exist if the state court from which the action is

removed lacks jurisdiction."[10] The doctrine prohibits a federal court from acquiring jurisdiction

over such a removed action "even though the federal court would have had jurisdiction if the suit

had originated there."[11] Although Congress has amended the general removal statute to eliminate

derivative jurisdiction as to removals under 28 U.S.C. § 1441,[12] the doctrine remains applicable

to removals under section 1442.[13] Defendants removed this matter from state court under 28

U.S.C. §1442(a)(3). Thus, if the state court did not have jurisdiction over the claims asserted

against Defendants, this Court acquired none upon removal.

Sovereign immunity "generally shields the United States, its agencies, and officers acting

in their official capacity from suit."[14] The party bringing suit against the United States or a

---

8    *Estell v. Gamble*, 429 U.S. 97, 106 (1996).

9    *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

10    *Crow v. Wyoming Timber Products Co.*, 424 F.2d 93, 96 (10th Cir. 1970) (citing
*Minnesota v. United States,* 305 U.S. 382, 389 (1939)).

11    *Arizona v. Manypenny,* 451 U.S. 232, 242 n.17 (1981); *see also Minnesota*, 305 U.S. at
388 (explaining that "it rests with Congress to determine not only whether the United States may
be sued, but in what courts the suit may be brought.").

12    28 U.S.C. § 1441(f).

13    *See, e.g., Bowers v. J & M Discount Towing, LLC*, 472 F. Supp. 2d 1248, 1254 (D.N.M.
2006).

14    *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002) (citing *FDIC v. Meyer*,
510 U.S. 471, 475 (1994)).

<div align="center">3</div>

federal official bears the burden of proving that sovereign immunity has been waived.[15] A waiver of sovereign immunity cannot be implied and must be unequivocally expressed.[16]

In his Complaint, Brunson seeks money damages against Defendants in their official capacities relating to the denial of his petition for writ of certiorari.[17] His first cause of action is styled as a claim for breach of contract.[18] The remaining causes of action assert claims of intentional infliction of emotional distress, fraud, and civil conspiracy.[19] But Brunson has cited no waiver of sovereign immunity that would allow him to recover money damages from Defendants or the United States.

The Tucker Act waives the government's sovereign immunity for actions founded on "any express or implied contract with the United States . . . ."[20] But that Act grants the Court of Federal Claims exclusive jurisdiction to hear such claims if the alleged damages exceed $10,000.[21] Because Brunson alleges that he has suffered damages in excess of $3 billion, any breach-of-contract claim could only be cognizable in the Court of Federal Claims, not state court.[22]

---

[15]  *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992); *Warren v. United States*, 244 F. Supp. 3d 1173, 1212 (D.N.M. 2017).

[16]  *Fed. Aviation Admin. v. Cooper*, 566 U.S. 284, 290–91 (2012); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992).

[17]  *See* Compl. ¶¶ 30–45, 71–95.

[18]  *Id*. ¶¶ 46–53.

[19]  *Id*. ¶¶ 54–70.

[20]  28 U.S.C. § 1491(a)(1).

[21]  *See* 28 U.S.C. § 1346(a)(2) (granting district courts concurrent jurisdiction with the Court of Federal Claims for contract claims "not exceeding $10,000 in amount . . .").

[22]  Brunson's complaint also fails to state a claim for breach of contract. *See* Compl. ¶¶ 47–52. The submission of petitions for discretionary judicial relief and the payment of related filing

Brunson's remaining claims—intentional infliction of emotional distress, fraud, and civil conspiracy—sound in tort. The Federal Tort Claims Act (FTCA) is the exclusive means by which claimants may recover monetary damages for common-law torts committed by federal employees acting within the scope of their employment.[23] But the FTCA's limited waiver of sovereign immunity includes numerous limitations and conditions that must be "strictly observed."[24] Those limitations include that FTCA claims may only be brought in federal court and that such claims may only be asserted against the United States, not individual federal employees.[25] Thus, the state court did not have jurisdiction over Brunson's second through fourth causes of action, as those claims all arise from the allegedly tortious conduct of Defendants, acting in their official capacities.[26]

Because no waiver of sovereign immunity exists to authorize Brunson's claims against the Defendants in state court, the state court lacked jurisdiction over his claims. By operation of

---

fees do not create a contract between Brunson and Defendants. *Coleman v. United States*, 635 F. App'x 875, 878 (Fed. Cir. 2015) (unpublished) ("[A]s a matter of law, the mere payment of a filing fee and other litigation-related expenses does not create a contract between a plaintiff and the United States.") (internal quotations omitted); *see also* SUP. CT. R. 10 (review "on a writ of certiorari is not a matter of right, but of judicial discretion.").

[23] 28 U.S.C. § 2679(b)(1); *FDIC v. Meyers*, 510 U.S. 471, 476 (1994).

[24] *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016).

[25] 28 U.S.C. §§ 1346(b)(1), 2674.

[26] Defendants also enjoy absolute immunity from suit for judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (internal citations omitted). Judicial acts plainly include deciding whether to grant a petition for writ of certiorari or a petition for rehearing.

the derivative-jurisdiction doctrine, that defect likewise deprives this Court of jurisdiction over his claims.[27]

## CONCLUSION

For the foregoing reasons, the United States requests that this action be dismissed without prejudice pursuant to FED. R. CIV. P. 12(b)(1).

Dated this 19th day of April, 2023.

<div style="margin-left:40%">

TRINA A. HIGGINS
United States Attorney


*/s/ Amanda A. Berndt*
AMANDA A. BERNDT
Assistant United States Attorney

</div>

---

[27]  *E.g.*, *Bowers*, 472 F. Supp. 2d at 1254.

CERTIFICATE OF SERVICE

The undersigned employee of the United States Attorney's Office  hereby certifies that

on April 19, 2023, the following document:

**Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

was served by U.S. Mail and electronic mail to the following individual:

Raland J. Brunson
4287 South Harrison Boulevard, #132
Ogden, Utah 84403
thedreamofthecentury@gmail.com

/s/ Amanda A. Berndt
AMANDA A. BERNDT
Assistant United States Attorney

**Raland J Brunson**
**4287 South Harrison Blvd., #132**
**Ogden, Utah 84403**
**Phone:  385-492-4898**
**Email: thedreamofthecentury@gmail.com**
**Pro Se**

FILED US District Court-UT
**MAY 15 '23 AM09:04**

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| RALAND J BRUNSON,<br><br>Plaintiff,<br><br>vs.<br><br>SONIA SOTOMAYOR, et al.,<br><br>Defendants. | **OPPOSITION<br>TO MOTION TO DISMISS<br>FOR LACK OF SUBJECT-MATTER<br>JURISDICTION**<br><br>Case No. 1:23-cv-00042-HCN-JCB<br><br>Judge:  Howard C. Nielsen<br>Magistrate Judge: Jared C. Bennett |

Plaintiff Raland J Brunson ("Brunson") hereby moves this court with his *Opposition To Motion To Dismiss For Lack Of Subject Matter-Jurisdiction* and states:

## ARGUMENT

Under Defendants motion to dismiss ("Motion") they legally argue that "a court must accept the factual allegations in the complaint as true."[1]  And that the burden of establishing subject-matter jurisdiction "rests upon the party asserting jurisdiction."[2]

Brunson's causes of actions are derived from the oath of office of the Constitution of the United States, and Brunson's complaint alleges that Amendment I of the United States Constitution states that Congress shall make no law prohibiting Brunson's right to petition the Government for redress of grievances.  And that the Government is first subject to Brunson's

---

[1] See page 2 including footnote 6 of Defendants motion to dismiss.
[2] See page 2 including footnote 5 of Defendants motion to dismiss.

1

rights, and that the Constitution grants no rights to the people, instead Brunson's individual

rights are guarded and protected by the Constitution.  And, pursuant to Amendment IX of the

Constitution, no law of any kind can be enacted that would violate Brunson's individual rights

which is the supreme law of the land, and that the Constitution is a restriction against the

Government and not against Brunson's rights. *See* pages 1-5 of Brunson's complaint.

Defendant's Motion admits this as being true.

## SUBJECT MATTER JURISDICTION AND SOVEREIGN IMMUNITY

The principle of sovereign immunity in US law was inherited from the English common

law legal maxim *rex non potest peccare*, meaning "the king can do no wrong."[3]  Our founding

fathers incorporated themselves as *"We the People"* in order to establish a government away

from the doctrine that a king that can do no wrong by having no king at all—no king, no

sovereign immunity—this is the Constitution of the United States!

Over the years our legislative and judicial powers have together incorporated several

types of immunity for government officials as clearly pointed out in Defendant's Motion.  But

these and all other types of immunities are first subject to, and bound by the supreme law of the

land.  "This Constitution, and the Laws of the United States which shall be made Pursuance

thereof; . . .shall be the supreme Law of the land; . . .".  (See Article VI, U.S. Constitution.[4])

These immunities can never be applied in ways that violate the Constitution.

This honorable court is first fundamentally bound to the Constitution under Article III,

Section 1 "The judges . . . shall hold their Offices during good Behaviour" and under their oath

of office.  Therefore, this court's first prominence is to protect and defend the Constitution

against all enemies foreign and domestic—no king, no title of nobility, no sovereign immunity.

---

[3] Wikipedia.  Sovereign immunity in the United States.
[4] See paragraph 14 of Brunson's complaint.

"No title of Nobility shall be granted by the United States." *See* Article I, Section 9, Clause 8 of the Constitution.  Nothing need be said to illustrate the importance of the prohibition of titles of nobility.  This may truly be denominated the corner-stone of republican government; for so long as they are excluded, there can never be serious danger that the government will be any other than that of the people.[5]

What powers do "We the People" have over our government?  What power does Brunson have over the Defendants?  The Constitution.

"*We the People*" have commissioned Government to secure our rights—to secure Brunson's rights.  "We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness, — That to secure these rights, governments are instituted among Men, deriving their just powers from the consent of the governed."[6]  "These instruments measure the powers of the rulers, but they do not measure the rights of the governed . . . it grants no rights to the people, but is the creature of their power, the instrument of their convenience. Designed for their protection in the enjoyment of the rights and powers which they possessed before the constitution was made . . .  It presupposes an organized society, law, order, property, personal freedom, a love of political liberty, and enough of cultivated intelligence to know how to guard it against the encroachments of tyranny." *American Bush v. City Of South Salt Lake,* 2006 UT 40 140 P.3d.1235.  A violation of the oath of office, as alleged in Brunson's complaint, is an encroachment of tyranny upon which Brunson has a unfettered right to protect against tyranny which he is doing by way of his complaint.  How can Defendants disagree with this without violating their oath?

---

[5] The Federalist No.84 (Alexander Hamilton); accord the Federalist No. 39 James Madison.
[6] See paragraph 6 of the complaint.

In securing Brunson's rights the first ten amendments to the Constitution was ratified in 1791 and defined by Congress as "further declaratory and restrictive clauses." They were set in place to restrict the Constitution from ever being a tool to create immunities for government officials when they violate their oath of office.

In addition, in a most recent decision by the Supreme Court of the United States stated that " . . . we have made clear that individual rights enumerated in the Bill of Rights and made applicable against the States through the Fourteenth Amendment have the same scope as against the Federal Government". _New York State Rifle & Pistol Association, Inc., et al. v. Bruen, et al.,_ 597 U. S. ____ (2022). This also means that this court can remove the Defendants from their elected offices[7] for their violation of their oath of office.   .

"_We the People_"—Brunson (which also includes "YOU") have set into supreme law to which all courts are bound to follow, that Brunson's complaint of redress of his grievance against the Defendants when they violate their oath of office must be adjudicated and cannot be passed over by a motion to dismiss. Defendants motion to dismiss is nothing but a bold face attempt to eliminate the separation of powers by inferencing sovereign immunity as a developed Constitutional legal authority as though they "can do no wrong". There is no Constitutional authority that gives them any kind of immunity in this case! Defendants are attempting to hijack this court so that it will **not address** any of the specifics of Brunson's arguments in violation of its oath of office in order for Defendants to have their win.

---

[7] Fourteenth Amendment, Section 3: "No person shall be a Senator or Representative in Congress, or elector of President and Vice-President, or hold any office, civil or military, under the United States, or under any state, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof."

4

Brunson has Article III Standing in this case because the right to bring his claims against the Defendants are protected under the First Amendment which states:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."[8]  (Underline added)

Furthermore, once aggrieved by government action could use the courts to "petition the government for a redress of grievances." [*Puerto Rico v Brandstad, Governor of Iowa* (1987) 483 U.S. 219,228, 107 S.Ct. 2802, 97 L.Ed.2d 187]

Brunson's right to bring his action against the Defendants for their violation of their oath of office gives Brunson subject-matter jurisdiction.

Defendants knowing full well that they have no immunity of any kind against Brunson's claims for the violation of their oath of office have set out to circumvent the Constitution or rewrite it. Defendants cite the case of *Wyoming v. Unites States* which is a blatant attempt to eliminate Amendment 1 of the Constitution of the United States, thus giving themselves freedom to support actions that are above the law. Either the Constitution is the controlling legal authority of this case, or the case of *Wyoming* is because the two are in direct conflict and violation of each other. If this court rules in favor of Defendants, then this court by its own action will be making a new supreme law of the land—a direct and bold violation of this court's sworn duty to protect and defend the Constitution and a violation of the separation of powers.

Also, Defendants citing of the case of *James v. Unites States* is another blatant audacious bold attempt to eliminate Amendment 1 of the Constitution in order to give freedom to the defendants to support actions that are above the law. Once again, either the Constitution is the controlling legal authority of this case, or the case of *James* is because the two are in direct

---

[8] See paragraph 3 of the complaint.

conflict and violation of each other. If this Court rules in favor of Defendants, then this court, by its own action will be making a new supreme law of the land (because this case is of first impression)—a direct and bold violation of this court's sworn oath to support and defend the Constitution and a violation of the separation of powers.

This Court may not agree with the First Amendment in relation to the Defendants being Supreme Court Justices. And this court may not agree that Brunson has the right to petition the government for a redress of grievances against these Defendants. When the Defendants are accused of breaching their oath of office and claim that they are too important to be trifled with because they have entitlement above the law, Brunson recognizes that this court must make a choice. Either choose to rewrite the Constitution by making Defendants an exception, or trust that the Constitution was written by inspired men, who inspired this court to swear an oath to defend and support this sacred document.

Once again, Defendants argue that the *Tucker Act* and 28 U.S.C. § 1491(a)(1) & § 1346(a)(2) is the new and revised supreme law of the land, and that Brunson cannot readily seek a redress of grievances against Defendants' violation of their oath of office with damages in excess of $3 billion dollars, and as such the Defendants' intention it to move this court to make a new supreme law of the land by ruling in their favor.

## DEFENDANTS' MOTION FAILS TO ADDRESS THE COMPLAINT

Defendants do not argue against or address the fact that Brunson's complaint alleges that Amendment I of the United States Constitution states that Congress shall make no law prohibiting Brunson's right to petition the Government for redress of grievances, and that the Government is first subject to Brunson's rights, and that the Constitution grants no rights to the people. Brunson's individual rights are guarded and protected by the Constitution. And,

pursuant to Amendment IX of the Constitution, no law of any kind can be enacted that would violate Brunson's individual rights which is guarded be the supreme law of the land, and that the Constitution is a restriction against the Government and not against Brunson's rights. See pages 1-5 of Brunson's complaint.   Defendant's Motion admits this as being true.

Embedded in the Constitution is the oath of office.   The Defendants have freely taken upon themselves a sworn duty to protect Brunson's rights.   This is a contract that they made to Brunson—it's a serious one, and a breach of this contract brings serious consequences that are NOT protected in the law and can bring the removal from office.   See ¶ 21-27 of Brunson's complaint.

Noting that the Constitution is the supreme law of the land and that this court is bound by it, does not and cannot protect acts of treason which is also an act of fraud and fraud vitiates everything.[9]   Therefore, because Brunson has alleged acts of treason and fraud against Defendants,  Defendants must answer Brunson's complaint as a matter of law.

Also taking note that "So help me God" are the last words found in the oath of office to which all the Defendants swore by, they have sworn to God.   To those individuals who violate their oaths, Isaiah of the old testament has stated that "Therefore as the fire devoureth the stubble, and the flame consumeth the chaff, so their root shall be as rottenness, and their blossom shall go up as dust: because they have cast away the law of the LORD of hosts, and despised the word of the Holy One of Israel."   See Isaiah 5:24.   The "law of the Lord" as defined by Bible scholars is the Constitution.   See page 5 of the complaint.   "Therefore hell hath enlarged herself,

---

[9] "Our courts have consistently held that fraud vitiates whatever it touches, *Morris v. House,* 32 Tex. 492 (1870)". *Estate of Stonecipher v. Estate of Butts,* 591 SW 2d 806.  And ""It is a stern but just maxim of law that fraud vitiates everything into which it enters." *Veterans Service Club v. Sweeney,* 252 S.W.2d 25, 27 (Ky.1952)." *Radioshack Corp. v. ComSmart,* Inc., 222 SW 3d 256.
Vitiate; "To impair or make void; to destroy or annul, either completely or partially, the force and effect of an act or instrument."   West's Encyclopedia of American Law, edition 2.

and opened her mouth without measure: and their glory, and their multitude, and their pomp, and he that rejoiceth, shall descend into it." Isaiah 5:14. This decree is set in place regardless of whether or not Defendants believe it.

Isaiah prophesied several things that pertain to us in modern times.  He prophesied the birth of Jesus Christ, and then he prophesied something that had never before been revealed since the creation of the world; the Constitution—a law to guide how a government is to be.

When Isaiah prophesied the coming forth of the Constitution, he also warned of serious consequences that follow (as stated above) when the Constitution is violated.

Because it was prophesied that the Constitution would come forth, and is the law of the Lord, then it's fitting and has bearing that the scriptures of Isaiah are cited and used herein.

It seems to be the practice of many courts under the doctrine of equitable maxim to shut its door against arguments it chooses not to address.  In so doing it violates the doctrine of the object principle of justice which is couched in the Constitution.[10]  Should that be the position of this court in this matter, its these types of rulings that lead to the revolution in 1776[11].

WHEREFORE, in the name of justice, and in the name of *"We the People"* and as an act to preserve, defend and protect the Constitution Brunson moves this court to deny Defendants' Motion with an order to answer Brunson's complaint within 10 days or be in default.


Humbly submitted this the 15th day of May, 2023.


Raland J Brunson, Plaintiff

---

[10] See petition under docket No. 18-1147 of SCOTUS.
[11] See amicus brief under docket No. 22-1028 of SCOTUS.

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of May, 2023 I personally placed in the United States Mail to the individuals named below a true and correct copy of **OPPOSITION TO MOTION TO DISMISS  FOR LACK OF SUBJECT-MATTER JURISDICTION**.

TRINA A. HIGGINS
AMANDA A. BERNDT
Attorneys of the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111


Raland Brunson

9

TRINA A. HIGGINS, United States Attorney (7349)
AMANDA A. BERNDT, Assistant United States Attorney (15370)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
amanda.berndt@usdoj.gov

---

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| RALAND J. BRUNSON,<br><br>     Plaintiff,<br><br> v.<br><br>SONIA SOTOMAYOR, ELENA KAGAN,<br>KETANJI BROWN JACKSON, JOHN<br>and JANE DOES 1–100,<br><br>     Defendants. | **REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>Case No. 1:23-cv-00042-HCN-JCB<br><br>Judge Howard C. Nielson<br>Magistrate Judge Jared C. Bennett |

### INTRODUCTION

Plaintiff Raland J. Brunson initiated this action in state court against defendants Sonia Sotomayor, Elena Kagan, and Ketanji Brown Jackson (collectively "Defendants") in their official capacities as Associate Justices of the United States Supreme Court.[1] The complaint alleges that Defendants violated their oaths of office by refusing to grant Brunson's writ of certiorari and that he is therefore entitled to an award of over $3 billion for breach of contract, intentional infliction of emotional distress, and fraud.[2]

---

[1] *See* Compl. (Docket No. 1-1).

[2] *Id.*

The case was removed to this Court under 28 U.S.C. § 1442(a)(3) on April 13, 2023.[3]

Defendants then moved to dismiss.[4]

<div align="center">

**ARGUMENT**

</div>

In response, Brunson does not address the only issue raised by the motion to dismiss: whether the derivative-jurisdiction doctrine prohibits this Court from acquiring jurisdiction over this matter if the state court lacked jurisdiction. As set out in the opening brief, the only waivers of sovereign immunity that could possibly govern Brunson's claims—the Tucker Act[5] and the Federal Tort Claims Act[6]—limit jurisdiction to federal courts, not state courts.[7] The state court thus lacked jurisdiction over his claims, and this Court acquired no jurisdiction upon removal.

Rather than meeting his burden by identifying an applicable waiver of sovereign immunity, Brunson attacks the sovereign immunity of the federal government and these Defendants. Specifically, Brunson appears to argue that the doctrine of sovereign immunity *itself* is unconstitutional because it interferes with his right to petition the government for a redress of grievances.[8] This argument is unavailing.

The First Amendment protects a person's right to petition the government.[9] This right— in tandem with the due-process clauses of the Fifth and Fourteenth Amendments—further

---

[3]   Notice of Removal (Docket No. 1).

[4]   Mot. to Dismiss (Docket No. 7).

[5]   28 U.S.C. § 1491(a)(1).

[6]   28 U.S.C §§ 1346(b), 2671–79.

[7]   *See* Mot. to Dismiss at 3–5.

[8]   Opp. Br. at 2–6.

[9]   U.S. CONST. amend. I.

<div align="center">

2

</div>

protects a person's right to access the courts.[10] But neither of these rights is absolute. As courts have repeatedly held, the right to petition one's government for a redress of grievances does not include a right to a response.[11] Similarly, the right to access the courts does not include a right to pursue any claim against any defendant, without regard to the merit of those claims.[12]

Brunson also fails to point this Court to *any* authority supporting his argument. This is no doubt because no court has ever held that the doctrine of sovereign immunity conflicts with the First Amendment or the Constitution more generally. Indeed, it is broadly understood that the doctrine of sovereign immunity was foundational for the framers of the Constitution.[13] As the Supreme Court has explained, "the doctrine that a sovereign could not be sued without its

---

[10]   *Silver v. Cormier*, 529 F.2d 161, 163 (10th Cir. 1976); *see also Valdez v. Roybal*, 186 F. Supp. 3d 1197, 1235–36 (D.N.M. 2016).

[11]   *E.g.*, *Minnesota State Bd. for Community Colleges v. Knight*, 465 U.S. 271, 283–85 (1984) ("The Constitution does not grant to members of the public generally a right to be heard by public bodies making decisions of policy . . . . Absent statutory restrictions, the State must be free to consult or not to consult whomever it pleases."); *We the People Found., Inc. v. United States*, 485 F.3d 140, 144–45 (D.C. Cir. 2007) (upholding dismissal of complaint alleging that the First Amendment was violated when both the executive and legislative branches failed to acknowledge plaintiff's petitions challenging the government's authority to levy taxes); *United States v. Vital Health Prods., Ltd.*, 786 F. Supp. 761, 778–79 (E.D. Wis. 1992) (a plaintiff may "petition the government for any redress of grievances to his heart's content," but that right "does not preclude the government from moving to dismiss any groundless causes of action he may present.").

[12]   *See Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) ("[The] right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.") (internal citation omitted); *see also Montesano v. New York*, No. 05 CV 9574, 2006 WL 944285, *3 (S.D.N.Y. Apr. 12, 2006) (unpublished) (the right to sue in court . . . does not afford the party the right to obtain a particular result." (citing *Catellano v. City of New York*, 142 F.3d 58, 74 (2nd Cir. 1998)).

[13]   *See Alden v. Maine*, 527 U.S. 706, 715–16 (1999) (discussing the historical context surrounding the doctrine of sovereign immunity in holding that the Constitution prohibits Congress from abrogating the sovereign immunity of states).

consent was universal in the States when the Constitution was drafted and ratified."[14] To suggest that the framers intended to trample on this centuries-old doctrine when drafting and ratifying the Constitution is simply ahistorical.

Finally, it's worth noting that the logical end to Brunson's argument—that no limits can be placed on how, where, or why government agencies and officials can be sued—would upend our entire system of justice.

## CONCLUSION

For the foregoing reasons, and those stated in Defendants' Motion to Dismiss, Defendants requests that this action be dismissed without prejudice pursuant to FED. R. CIV. P. 12(b)(1).

Dated this 30th day of May, 2023.

TRINA A. HIGGINS
United States Attorney

*/s/ Amanda A. Berndt*
AMANDA A. BERNDT
Assistant United States Attorney

---

[14]   *Id.*

CERTIFICATE OF SERVICE

The undersigned employee of the United States Attorney's Office  hereby certifies that

on May 30, 2023, the following document:

**Reply in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

was served by U.S. Mail and electronic mail to the following individual:

Raland J. Brunson
4287 South Harrison Boulevard, #132
Ogden, Utah 84403
thedreamofthecentury@gmail.com


                                    /s/ Amanda A. Berndt
                                    AMANDA A. BERNDT
                                    Assistant United States Attorney

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RALAND J. BRUNSON,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 1:23-cv-00042-HCN-JCB** |
| **SONIA SOTOMAYOR, ELENA KAGAN, KETANJI BROWN JACKSON, and JOHN and JANE DOES 1-100,** | **District Judge Howard C. Nielson, Jr.** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendants Sonia Sotomayor, Elena Kagan, and Ketanji Brown Jackson's (collectively, "Defendants") motion to dismiss.[2] Based upon the analysis set forth below, the court recommends granting Defendants' motion and dismissing this case without prejudice for lack of subject-matter jurisdiction.

### BACKGROUND

Pro se Plaintiff Raland J. Brunson ("Mr. Brunson") filed his complaint in this case in Second District Court in Weber County, Utah.[3] Defendants removed the case to this court under 28 U.S.C. § 1442(a)(3).[4] Mr. Brunson's complaint is centered on the United States Supreme

---

[1] ECF No. 6.

[2] ECF No. 7.

[3] ECF No. 1-1.

[4] ECF No. 1.

Court's denial of his petition for writ of certiorari and petition for rehearing in a separate case.[5]

Mr. Brunson's complaint names Defendants in their official capacities as Associate Justices of the United States Supreme Court and asserts causes of action for breach of contract, intentional infliction of emotional distress, fraud, and civil conspiracy. In his prayer for relief, Mr. Brunson seeks over $3 billion in damages. Defendants moved to dismiss this case for lack of subject-matter jurisdiction.[6]

### LEGAL STANDARDS

Under Fed. R. Civ. P. 12(b)(1), this court should "presume no jurisdiction exists,"[7] and the burden of establishing jurisdiction "rests upon the party asserting jurisdiction."[8] To establish jurisdiction, a plaintiff "must allege in [his] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[9] Because Defendants' motion to dismiss is a facial attack on the allegations of Mr. Brunson's complaint, the court must accept those allegations as true.[10]

### ANALYSIS

The court recommends granting Defendants' motion to dismiss because the court lacks subject-matter jurisdiction under the doctrine of derivative jurisdiction, which provides that upon removal, a federal court cannot acquire subject-matter jurisdiction over a case if the state court

---

[5] *Brunson v. Adams*, 143 S. Ct. 569, *reh'g denied*, 143 S. Ct. 855 (2023).

[6] ECF No. 7.

[7] *United States ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 551 (10th Cir. 1992).

[8] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[9] *Koch Indus., Inc.*, 971 F.2d at 551 (second alteration in original) (quotations and citations omitted).

[10] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citations omitted).

lacked subject-matter jurisdiction.[11] That doctrine applies even if the federal court would have

had subject-matter jurisdiction over the case if the case had been brought initially in federal

court.[12] Although Congress amended 28 U.S.C. § 1441 to eliminate the doctrine of derivative

jurisdiction with respect to removals under that section,[13] the doctrine remains applicable to

removals under 28 U.S.C. § 1442,[14] which is the section Defendants relied upon to remove this

case. Therefore, the doctrine of derivative jurisdiction applies here.

Under the doctrine of derivative jurisdiction, this court lacks subject-matter jurisdiction

for two reasons. First, because Mr. Brunson has not identified any waiver of sovereign immunity

that subjects Defendants to suit in state court, the state court did not have subject-matter

jurisdiction. Thus, this court lacks subject-matter jurisdiction under the doctrine of derivative

jurisdiction. Second, even if Mr. Brunson had relied upon the statutory schemes providing a

---

[11] *Minnesota v. United States*, 305 U.S. 382, 389 (1939) ("[J]urisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none . . . ."); *Crow v. Wyo. Timber Prods. Co.*, 424 F.2d 93, 96 (10th Cir. 1970) ("Jurisdiction on removal is derivative in nature and does not exist if the state court from which the action is removed lacks jurisdiction.").

[12] *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) ("In the area of general civil removals, it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there."); *see also Minnesota*, 305 U.S. at 388-89 (providing that "it rests with Congress to determine not only whether the United States may be sued, but in what courts the suit may be brought" and that the doctrine of derivative jurisdiction applies even if the federal court would have had subject-matter jurisdiction over a case if the case was brought originally in federal court).

[13] 28 U.S.C. § 1441(f).

[14] *Bowers v. J & M Disc. Towing, LLC*, 472 F. Supp. 2d 1248, 1254 (D.N.M. 2006) ("[T]he majority of the Circuit Courts of Appeals that have addressed this issue, including the Tenth Circuit, have determined that federal courts' jurisdiction remains derivative of state courts' jurisdiction for those cases removed under statutes other than 28 U.S.C. § 1441.").

waiver of sovereign immunity for his claims, the state court still lacked subject-matter

jurisdiction. Consequently, this court does not have subject-matter jurisdiction under the doctrine

of derivative jurisdiction. Each reason is discussed in order below.

### I. Because Mr. Brunson Has Not Identified a Waiver of Sovereign Immunity to Sue Defendants in State Court, the State Court Lacked Subject-Matter Jurisdiction.

Because Mr. Brunson fails to carry his burden of establishing a waiver of sovereign

immunity to bring suit against Defendants in state court, the state court did not have

subject-matter jurisdiction. "Sovereign immunity generally shields the United States, its

agencies, and officers acting in their official capacity from suit."[15] The party bringing suit against

United States officials bears the burden of proving that a waiver of sovereign immunity exists.[16]

Without a waiver of sovereign immunity, a court lacks subject-matter jurisdiction over a case

brought against United States officials.[17]

Mr. Brunson sued Defendants in their official capacities as United States officers, but he

fails to identify any waiver of sovereign immunity.[18] Additionally, Mr. Brunson fails to identify

---

[15] *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002) (citing *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)).

[16] *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992).

[17] *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

[18] In his response to Defendants' motion to dismiss, Mr. Brunson does not argue that there is a waiver of sovereign immunity for his claims. Instead, Mr. Brunson appears to argue that the doctrine of sovereign immunity is unconstitutional because it obstructs his right to petition the government for redress of grievances under the First Amendment. Importantly, Mr. Brunson fails to cite any authority for his argument, and the court is unaware of any court holding that the doctrine of sovereign immunity is unconstitutional. To the contrary, as noted by Defendants, the doctrine of sovereign immunity was a foundational concept to the framers of the Constitution. *Alden v. Maine*, 527 U.S. 706, 715-16 (1999) (discussing the historical context of the doctrine of

4

any statute that authorizes suit in state court against United States officials. Mr. Brunson's failure

to establish a waiver of sovereign immunity that authorizes suit against Defendants in their

official capacities and allows that suit to proceed in state court means that the state court did not

have subject-matter jurisdiction. Accordingly, this court's derivative jurisdiction precludes it

from hearing this case.[19]

## II. Even if Mr. Brunson Had Attempted to Rely Upon the Statutory Schemes Providing a Waiver of Sovereign Immunity for His Claims, the State Court Still Lacked Subject-Matter Jurisdiction.

The state court still lacked subject-matter jurisdiction even if Mr. Brunson had attempted

to rely upon the statutory schemes providing a waiver of sovereign immunity for his claims. The

only two conceivable schemes upon which Mr. Brunson could have relied are: (1) the Tucker

Act, which addresses contract actions against the United States; and (2) the Federal Tort Claims

Act ("FTCA"), which deals with tort claims against United States employees. As shown below,

neither scheme would give the state court subject-matter jurisdiction.

First, Mr. Brunson's claim for breach of contract is governed by the Tucker Act, which

waives sovereign immunity and grants the Court of Federal Claims—not state courts—exclusive

---

sovereign immunity and stating that "the doctrine that a sovereign could not be sued without its consent was universal in the States when the Constitution was drafted and ratified"). Therefore, Mr. Brunson's argument is without merit.

[19] Despite Defendants' well-taken argument that this court lacks subject-matter jurisdiction, Mr. Brunson argues that Defendants improperly failed to address the merits of his complaint and speculates that this court will do the same. That argument and speculation ignores the concept of subject-matter jurisdiction. By arguing that this court lacks subject-matter jurisdiction, Defendants are necessarily arguing that this court should not reach the merits of Mr. Brunson's claims. Further, because this court agrees with Defendants' argument concerning subject-matter jurisdiction, this court cannot address the merits of Mr. Brunson's claims. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.").

jurisdiction "for claims against the United States founded upon . . . contracts and seeking amounts greater than $10,000."[20] Because Mr. Brunson is seeking over $3 billion in damages, the Court of Federal Claims has exclusive jurisdiction over his claim for breach of contract. Thus, even if Mr. Brunson had relied upon the Tucker Act, the state court did not have subject-matter jurisdiction over that claim, which, by virtue of derivative jurisdiction, means that this court doesn't either.

Second, Mr. Brunson's remaining tort claims for intentional infliction of emotional distress, fraud, and civil conspiracy are potentially governed by the FTCA, which provides a limited waiver of sovereign immunity for a plaintiff to recover monetary damages for specific common-law torts committed by United States employees acting within the scope of their employment.[21] However, the FTCA's limited waiver of sovereign immunity allows FTCA claims to be brought exclusively in federal court,[22] which means that, even if Mr. Brunson had relied upon the FTCA, the state court lacked subject-matter jurisdiction. And, therefore, so does this court under the doctrine of derivative jurisdiction. Therefore, this case should be dismissed without prejudice for want of subject-matter jurisdiction.[23]

---

[20] *Burkins v. United States*, 112 F.3d 444, 449 (10th Cir. 1997); *see also* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1).

[21] 28 U.S.C. § 2679(b)(1); *Meyer*, 510 U.S. at 475-76.

[22] 28 U.S.C. § 1346(b)(1).

[23] The court acknowledges the hundreds of letters it received from citizens urging this court to overlook jurisdictional defects and to decide this case on its merits. However, courts must abide by the law. And the law provides that a federal court that receives a case removed from state court is subject to the same jurisdictional limitations that applied to the state court. Because the state court could not exercise subject-matter jurisdiction to hear this case, this court cannot either regardless of how many concerned citizens want this court to decide the merits of the case.

CONCLUSION AND RECOMMENDATION

As demonstrated above, the state court did not have subject-matter jurisdiction over this case, and, thus, this court lacks subject-matter jurisdiction under the doctrine of derivative jurisdiction. Therefore, the court HEREBY RECOMMENDS that Defendants' motion to dismiss[24] be GRANTED and that this case be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.[25]

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[26] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[27] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 7th day of July 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[24] ECF No. 7.

[25] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").

[26] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[27] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

**Raland J Brunson**
**4287 South Harrison Blvd., #132**
**Ogden, Utah 84403**
**Phone: 385-492-4898**
**Email: thedreamofthecentury@gmail.com**
**Pro Se**

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JUL 1 7 2023

GARY P. SERDAR
CLERK OF COURT
BY _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| RALAND J BRUNSON, <br><br> Plaintiff, <br><br> vs. <br><br> SONIA SOTOMAYOR, et al., <br><br> Defendants. | **OBJECTION TO REPORT AND RECOMMENDATION** <br><br> Case No. 1:23-cv-00042-HCN-JCB <br><br> Judge: Howard C. Nielsen <br> Magistrate Judge: Jared C. Bennett |

Plaintiff Raland J Brunson ("Brunson") hereby moves this court with his *Objection To Report And Recommendation S*ubmitted by the honorable Magistrate Judge Jared C. Bennett and states:

### ARGUMENT

Brunson, based upon the following grounds, hereby objects to the REPORT AND RECOMMENDATION ("R&R") filed by the Magistrate Judge Jared C. Bennett on July 7, 2023 (ECF 18).

The R&R states that this court lacks subject matter jurisdiction and that Brunson failed to identify a waiver of sovereign immunity.

The importance of this case is extreme.  Brunson's opposition states with legal authority that his right to bring his claims against Defendants invokes subject matter jurisdiction because the claims exposes acts of treason upon which immunity is not given, nor would it be

1

constitutional if it were. There is no immunity given for giving aid and comfort to enemies of the United States, which is treason. The Constitution was not written to protect treason by giving any immunity to any governmental position of any level at all. So in this case the Defendants cannot claim to have any immunity. See the whole of Brunson's opposition.

On footnote 23 of the R&R, it makes the claim that they've received hundreds of letters. Closer to the truth is that the court has received over 9,719 letters from across the country as of July 17, 2023. We the People are requiring the Defendants to answer the claims of this case because they know that the Defendants do not have any immunity under Brunson's claims, and they want to see justice served.

Again, the R&R states that this court lacks subject matter jurisdiction and that Brunson failed to identify a waiver of sovereign immunity. In support of this argument the R&R cites the cases of, but not limited to, *Wyoming, James, United States, Minnesota, Crow, Arizona, Bowers, Kokkonen, Koch, Holt,* and the R&R also cites 28 U.S.C. § 1441 & 1442. Brunson objects to these citations and arguments because to apply them in Brunson's case, which have no bearing under Brunson's claims, is an attempt to rewrite the Constitution which is an act of treason.

The R&R sets out to destroy the importance and the divinity associated with the oath of office found in Brunson's opposition. Despite the fact that the oath is the supreme law of the land, it is the edict of the R&R that the oath is subject to this court, and that it is this court that is the supreme law of the land, not the oath.

The R&R did not address Brunson's oath of office argument nor that our founding fathers incorporated themselves as "We the People" in order to establish a government away from the doctrine that a king that can do no wrong by having no king at all—no king, no sovereign immunity—this is the Constitution of the United States! What the R&R did state is that pursuant

2

to the case of *Alden v. Main*, 527 U.S, 706, 715-16 (1999) that the doctrine of sovereign immunity was a foundational concept from the framers of the Constitution. This "foundational concept", as R&R puts it, has a different meaning than what R&R coins them to be. The case of *Alden* explains further that "If a colonial lawyer had looked into Blackstone for the theory of sovereign immunity, as indeed many did, he would have found nothing clearly suggesting that the Colonies as such enjoyed any immunity from suit." And that ""The Constitution thus contemplates that a State's government will represent and remain accountable to its own citizens." Printz, 521 U. S., at 920" (751) and "Justice Wilson's position in Chisholm: that because the people, and not the States, are sovereign, sovereign immunity has no applicability to the States." [778] and ""To the Constitution of the United States the term SOVEREIGN, is totally unknown. There is but one place where it could have been used with propriety. But, even in that place it would not, perhaps, have comported with the delicacy of those, who ordained and established that Constitution. They might have announced themselves `SOVEREIGN' people of the United States: But serenely conscious of the fact, they avoided the ostentatious declaration." 2 Dall., at 454. [783] . . . "This last position [that the King is sovereign and no court can have jurisdiction over him] is only a branch of a much more extensive principle, on which a plan of systematic despotism has been lately formed in Eng- land, and prosecuted with unwearied assiduity and care. Of this plan the author of the Commentaries was, if not the introducer, at least the great supporter. He has been followed in it by writers later and less known; and his doctrines have, both on the other and this side of the Atlantic, been implicitly and generally received by those, who neither examined their principles nor their consequences[.] The principle is, that all human law must be prescribed by a superior. This principle I mean not now to examine. Suffice it, at present to say, that another principle, very different in its nature and operations, forms, in

3

my judgment, the basis of sound and genuine jurisprudence; laws derived from the pure source of equality and justice must be founded on the CONSENT of those, whose obedience they require. The sovereign, when traced to his source, must be found in the man. " Id., at 458."" [784] (brackets added to show page numbers)

Alden also stated that " . . . petition of right as an appropriate and normal practice. [791] . . . "there was no unanimity among the Framers that immunity would exist," [793] . . . It would be hard to imagine anything more inimical to the republican conception, which rests on the understanding of its citizens precisely that the government is not above them, but of them, its actions being governed by law just like their own. Whatever justification there may be for an American government's immunity from private suit, it is not dignity. [35] See United States v. Lee, 106 U. S. 196, 208 (1882). [803] . . . "If an act of parliament be made for the benefit of any person, and he is hindered by another of that benefit, by necessary consequence of law he shall have an action; and the current of all the books is so" (citation omitted).[41] *812 Blackstone considered it "a general and indisputable rule, that where there is a legal right, there is also a legal remedy, by suit or action at law, whenever that right is invaded." 3 Blackstone. The generation of the Framers thought the principle so crucial that several States put it into their constitutions.[42] And when Chief Justice Marshall asked about Marbury: "If he has a right, and that right has been violated, do the laws of his country afford him a remedy?," Marbury v. Madison, 1 Cranch 137, 162 (1803), the question was rhetorical, and the answer clear: "The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of government is to afford that protection. In Great Britain the king himself is sued in the respectful form of a petition, and

he never fails to comply with the judgment of his court." *Id.*, at 163"" [812]. (Brackets added to show page numbers)

So R&R's claim that the foundational concept of sovereign immunity of our founders as being favorable for Defendants is wholly inaccurate and as such grants Brunson's opposition, therefore Brunson moves this court to disregard the R&R and deny Defendants motion to dismiss.

The R&R states that Brunson failed to incorporate any authority supporting his claim that his right to petition the government for redress of grievances under the First Amendment. In addition to this being wholly inaccurate, the R&R cited authority which actually supports Brunson's opposition, that being the case of *Alden*, as stated above. Again, this favors Brunson to which the R&R purposely ignored and would not address. This is more than just a violation of due process, which is the right to be heard[1], rather its supports acts of treason.

The R&R also went on to state that Brunson failed to cite any authority supporting his claim that the doctrine of sovereign immunity is unconstitutional and that the court is unaware of any. The R&R ignored all the legal authorities cited by Brunson that are paramount to Brunson's argument in opposition and how under this case the doctrine of sovereign immunity is unconstitutional and cannot be applied. The legal authority cited by Brunson include those under the Constitution: Article I Section 9 Clause 8, Article VI, Article III, Amendments 1, IX, and XIV Section 3, in addition to the cases of *American Bush v. City Of South Salt Lake*, 2006 UT 40 140 P.3d.1235, and *New York State Rifle & Pistol Association, Inc., et al. v. Bruen, et al.*, 597 U. S. ____ (2022), and [*Puerto Rico v Brandstad, Governor of Iowa* (1987) 483 U.S. 219,228, 107 S.Ct. 2802, 97 L.Ed.2d 187]. These are just some of the authorities that the R&R ignored.

---

[1] "(". . . an opportunity to be heard in a meaningful way are at the very heart of procedural fairness . . .")" Brent Brown Dealerships v. Tax Com'n, MVED, 2006 UT App 261.

Why didn't the R&R specifically address these authorities and point out how they are wrong? They are wrong because the R&R states so?

As stated in Brunson's opposition, Brunson's causes of actions are derived from the oath of office of the Constitution of the United States, and Brunson's complaint alleges that Amendment I of the Constitution states that Congress shall make no law prohibiting Brunson's right to petition the Government for redress of grievances. And that the Government is first subject to Brunson's rights, and that the Constitution grants no rights to the people, instead Brunson's individual rights are guarded and protected by the Constitution. And, pursuant to Amendment IX of the Constitution, no law of any kind can be enacted that would violate Brunson's individual rights which is the supreme law of the land, and that the Constitution is a restriction against the Government and not against Brunson's rights. *See* pages 1-5 of Brunson's complaint. The case of *Alden* supports this while the R&R has decided otherwise in violation of the oath of office.

Brunson's claims supersede the necessity of requiring a waiver of sovereign immunity and inherently invokes subject matter jurisdiction under the supreme law of the land as cited by legal authority found in Brunson's opposition. Again, the R&R did not address how that this is wrong only that it says it is.

WHERFORE, in the name of justice and of due process, and in the name of "*We the People*" and as an act to preserve, defend and protect the Constitution in honor of the oath of office, which was inspired by God, Brunson moves this court to deny both the R&R and Defendants' Motion with an order to answer Brunson's complaint within 10 days or be in default.

Humbly submitted this the 17th day of July, 2023.

Raland J Brunson, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July, 2023 I personally placed in the United States Mail to the individuals named below a true and correct copy of **OBJECTION TO REPORT AND RECOMMENDATION.**

TRINA A. HIGGINS
AMANDA A. BERNDT
Attorneys of the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111

Raland Brunson

Raland J Brunson
4287 South Harrison Blvd.
#132
Ogden, UT 84403

$1.11   US POSTAGE
FIRST-CLASS
JUL 17 2023
Mailed from ZIP 84401

stamps
endicia   062S0001442144

Honorable Howard C. Nielsen
U.S. District Court
351 S WEST TEMPLE
SALT LAKE CITY UT 84101-1908

```
MIME-Version:1.0
From:utd_enotice@utd.uscourts.gov
To:ecf_notice@localhost.localdomain
Bcc:
--Case Participants: Amanda A. Berndt (amanda.berndt@usdoj.gov, caseview.ecf@usdoj.gov,
lacey.kiger@usdoj.gov, sonnee.alden@usdoj.gov), Raland J. Brunson
(raland.brunson@hotmail.com), Judge Howard C. Nielson, Jr
(howard_nielson@utd.uscourts.gov, jordan_peck@utd.uscourts.gov,
michelle_peart@utd.uscourts.gov, utdecf_nielson@utd.uscourts.gov)
--Non Case Participants: Chief Deputy, (alison_adams@utd.uscourts.gov)
--No Notice Sent:

Message-Id:5542167@utd.uscourts.gov
Subject:Activity in Case 1:23-cv-00042-HCN Brunson v. Sotomayor et al Order Adopting
Report and Recommendations
Content-Type: text/html
```

**If you need assistance, call the Help Desk at (801)524–6100.**

**US District Court Electronic Case Filing System**

**District of Utah**

**Notice of Electronic Filing**

The following transaction was entered on 8/11/2023 at 8:34 AM MDT and filed on 8/11/2023

**Case Name:** Brunson v. Sotomayor et al
**Case Number:** 1:23–cv–00042–HCN
**Filer:**
**WARNING: CASE CLOSED on 08/10/2023**
**Document Number:** 23(No document attached)

**Docket Text:**
  **DOCKET TEXT ORDER. On July 7, 2023, Magistrate Judge Bennett entered [18] Report and Recommendation recommending that Defendants' motion to dismiss be granted and that this case be dismissed without prejudice for lack of subject matter jurisdiction. On July 17, 2023, Plaintiff filed [22] Objection to Report and Recommendation. Having carefully reviewed the notice of removal, the complaint, the report and recommendation, and Plaintiff's objections, the court concludes that the objections are not well taken. The court accordingly OVERRULES Plaintiff's objections and ADOPTS Judge Bennett's report and recommendation. In the interests of justice, dismissal shall be without prejudice. This action is DISMISSED WITHOUT PREJUDICE. SO ORDERED. Signed by Judge Howard C. Nielson, Jr., on 8/11/2023. No attached document. (tf)**


**1:23–cv–00042–HCN Notice has been electronically mailed to:**

Amanda A. Berndt    amanda.berndt@usdoj.gov, CaseView.ECF@usdoj.gov, lacey.kiger@usdoj.gov, sonnee.alden@usdoj.gov

Raland J. Brunson    raland.brunson@hotmail.com

**1:23–cv–00042–HCN Notice has been delivered by other means to:**

Case 1:23-cv-00042-HCN   Document 24   Filed 08/11/23   Page 1 of 1   PageID 155
Appellate Case: 23-4108   Document: 010110918352   Date Filed: 09/13/2023   Page: 69

FILED
2023 AUG 11   AM 8:43
CLERK
U.S. DISTRICT COURT

AO 450 (Rev.5/85) Judgment in a Civil Case

# United States District Court

## District of Utah

RALAND J. BRUNSON,

       Plaintiff,

    v.

SONIA SOTOMAYOR, *in her official capacity as Justice of the Supreme Court of the United States*; ELANE KAGAN, *in her official capacity as Justice of the Supreme Court of the United States*; KETANJI BROWN JACKSON, *in her official capacity as Justice of the Supreme Court of the United States*; and Jane Does 1–100,

       Defendants.

**JUDGMENT IN A CIVIL CASE**

Case Number: 1:23-cv-00042-HCN

    IT IS ORDERED AND ADJUDGED

That this action is dismissed without prejudice.

August 11, 2023
_____
*Date*

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

**Raland J Brunson**

**4287 South Harrison Blvd., #132**
**Ogden, Utah 84403**
**Phone: 385-492-4898**
**Email: thedreamofthecentury@gmail.com**
**Pro Se**

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

AUG 1 5 2023

GARY P. SERDAR
CLERK OF COURT
BY _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| RALAND J BRUNSON, <br><br> Plaintiff, <br><br> vs. <br><br> SONIA SOTOMAYOR, et al., <br><br> Defendants. | **NOTICE OF APPEAL** <br><br> Case No. 1:23-cv-00042-HCN-JCB <br><br> Judge:  Howard C. Nielsen <br> Magistrate Judge: Jared C. Bennett |

Notice is hereby given that Plaintiff Raland J Brunson in the above named case hereby appeals to the United States Court of Appeals for the 10th Circuit from a final judgment known as "JUDGMENT IN A CIVIL CASE" entered in this action on August 11th, 2023 [ECF 24] taken from the United States District Court For The District Of Utah.

Humbly submitted this the 14th day of August, 2023.

Raland J Brunson, Plaintiff

1

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2023 I personally placed in the United States Mail to the individuals named below a true and correct copy of **NOTICE OF APPEAL**

TRINA A. HIGGINS
AMANDA A. BERNDT
Attorneys of the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111

Raland Brunson
Raland Brunson