**Case No. 23-4108**

---

IN THE UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

**RALAND BRUNSON,**
**Plaintiff/Appellant,**

**v.**

**SONIA SOTOMAYOR, *et al.*,**

**Defendants/Appellees.**

---

On Appeal from the United States District Court
For the District of Utah, Northern Division
The Honorable Howard C. Nielson, Jr., District Judge
The Honorable Jared C. Bennett, Magistrate Judge
District Court Case No. 1:23-cv-00042-HCN-JCB

---

**BRIEF OF DEFENDANTS/APPELLEES SONIA SOTOMAYOR,
ELENA KAGAN, AND KETANJI BROWN JACKSON**

---

TRINA A. HIGGINS
United States Attorney
District of Utah

AMANDA A. BERNDT
Assistant United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
amanda.berndt@usdoj.gov

Attorneys for Defendants/Appellees

**ORAL ARGUMENT IS NOT REQUESTED**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................iii

STATEMENT OF PRIOR AND RELATED APPEALS .......................v

STATEMENT OF JURISDICTION ..................................................1

STATEMENT OF THE ISSUES......................................................1

STATEMENT OF THE CASE.........................................................2

    I.    Factual Background .....................................................2

    II.   District Court Proceedings ...........................................2

SUMMARY OF THE ARGUMENT ..................................................3

STANDARD OF REVIEW .............................................................4

ARGUMENT.............................................................................4

    I.    The district court properly dismissed Brunson's action under the doctrine of derivative jurisdiction. ........................................4

        A.    The state court lacked jurisdiction over Brunson's claim for breach of contract...........................................7

        B.    The state court lacked jurisdiction over Brunson's tort claims ................................................................8

    II.   The district court correctly rejected Brunson's argument that sovereign immunity infringes on his constitutional right to petition the government. .........................................10

CONCLUSION.........................................................................13

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

ATTACHMENT A – *Brunson v. Sotomayor, et al.*, 1:23-cv-00042-HCN-JCB, Report and Recommendation, dated July 7, 2023

**ATTACHMENT B** – *Brunson v. Sotomayor, et al.*, 1:23-cv-00042-HCN-JCB, Order Adopting Report and Recommendation, dated August 11, 2023

# TABLE OF AUTHORITIES

**CASES**                                                           **PAGE(S)**

*Alden v. Maine,*
    527 U.S. 706 (1999) ...................................................................... 11, 12

*Arizona v. Manypenny,*
    451 U.S. 232 (1981) ............................................................................ 5

*Bill Johnson's Restaurants, Inc. v. N.L.R.B.,*
    461 U.S. 731 (1983) .......................................................................... 10

*Bradley v. Fisher,*
    80 U.S. (13 Wall.) 335 (1871) ............................................................ 9

*Brunson v. Adams,*
    143 S. Ct. 569 ................................................................................... 2

*Castellano v. City of New York,*
    142 F.3d 58 (2d Cir. 1998) ............................................................... 11

*Chisholm v. Georgia,*
    2 U.S. (1 Dall.) 419 (1793) .............................................................. 12

*Coleman v. United States,*
    635 F. App'x 875 (Fed. Cir. 2015) .................................................... 7

*FDIC v. Meyer,*
    510 U.S. 471 (1994) ...................................................................... 6, 8

*Fed. Aviation Admin. v. Cooper,*
    566 U.S. 284 (2012) ........................................................................... 6

*Goodwill v. eTitle Ins. Agency,* No. 21-4108,
    2022 WL 1741595 n.3 (10th Cir. May 31, 2022) ................................ 5

*High Lonesome Ranch, LLC v. Bd. of Cnty. Comm'rs for Cnty. of
    Garfield,* 61 F.4th 1225 (10th Cir. 2023) ...................................... 4, 5, 9

*James v. United States,*
    970 F.2d 750 (10th Cir. 1992) ........................................................... 6

*Lambert Run Coal Co. v. Balt. & Ohio R.R. Co.*,
   258 U.S. 377 (1922) ................................................................ 4

*Lopez v. United States*,
   823 F.3d 970 (10th Cir. 2016) ............................................... 8

*Minnesota v. United States*,
   305 U.S. 382 (1939) ................................................................ 5

*Price v. United States*,
   174 U.S. 373 (1899) .............................................................. 11

*Pueblo of Jemez v. United States*,
   790 F.3d 1143 (10th Cir. 2015) ............................................. 4

*Ricci v. Salzman*,
   976 F.3d 768 (7th Cir. 2020) ............................................ 5, 9

*Silver v. Cormier*,
   529 F.2d 161 (10th Cir. 1976) ............................................. 10

*Stump v. Sparkman*,
   435 U.S. 349 (1978) ................................................................ 9

*Tripati v. Beaman*,
   878 F.2d 351 (10th Cir. 1989) ............................................. 10

*United States ex rel. Precision Co. v. Koch Indus.*,
   971 F.2d 548 (10th Cir. 1992) ............................................... 4

*United States v. Clarke*,
   33 U.S. (8 Pet.) 436 (1834) .................................................. 11

*United States v. Nordic Village, Inc.*,
   503 U.S. 30 (1992) ................................................................. 6

*Wyoming v. United States*,
   279 F.3d 1214 (10th Cir. 2002) ............................................. 6

**STATUTES**

28 U.S.C. § 1291 ................................................................................. 1

28 U.S.C. § 1346(a)(2).......................................................................... 7

28 U.S.C. § 1346(b)(1).......................................................................... 8

28 U.S.C. § 1441 .................................................................................. 5

28 U.S.C. § 1442 .................................................................................. 5

28 U.S.C. § 1441(f) ............................................................................... 5

28 U.S.C. § 1442(a)(3).......................................................................2, 6

28 U.S.C. § 1491(a)(1).......................................................................... 7

28 U.S.C. § 2674 .................................................................................. 8

28 U.S.C. § 2675 .................................................................................. 8

28 U.S.C. § 2679(b)(1).......................................................................... 8

**RULES**

FED. R. CIV. P. 12(b)(1) ......................................................................... 4

SUP. CT. R. 10....................................................................................... 7

**CONSTITUTION**

U.S. CONST. amend. I ........................................................................... 10

**STATEMENT OF PRIOR AND RELATED APPEALS**

There are no prior or related appeals.

## STATEMENT OF JURISDICTION

On July 7, 2023, the magistrate judge recommended that the Motion to Dismiss filed by Justices Sonia Sotomayor, Elena Kagan, and Ketanji Brown Jackson (collectively "the Justices") be granted. Record on Appeal ("R.") at 53. On August 11, 2023, the district court overruled appellant Raland Brunson's Objection, adopted the magistrate judge's Report and Recommendation, and entered judgment dismissing without prejudice the claims brought by Brunson. *Id.* at 68, 69. Brunson filed a timely notice of appeal on August 15, 2023. *Id.* at 70. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1. Whether the district court properly dismissed Brunson's action, originally filed in state court, for lack of jurisdiction based on the doctrine of derivative jurisdiction.

2. Whether the district court correctly held that the doctrine of sovereign immunity does not infringe on Brunson's First Amendment right to petition the government for a redress of grievances.

1

## STATEMENT OF THE CASE

### I.    Factual Background

Brunson initiated his action in the Second Judicial District Court of Utah ("state court") on March 7, 2023. R. at 10. He named Justices Sonia Sotomayor, Elena Kagan, and Ketanji Brown Jackson in their official capacities as Associate Justices of the United States Supreme Court. *Id*. In the Complaint, Brunson asserts causes of action for breach of contract, intentional infliction of emotional distress, fraud, and civil conspiracy. *Id*. at 19–24. Brunson's allegations center on the Supreme Court's denial of his petition for writ of certiorari and petition for rehearing in a separate action. *Id*. at 17–19; *see also Brunson v. Adams*, 143 S. Ct. 569, *reh'g denied*, 143 S. Ct. 855 (2023).

### II.    District Court Proceedings

The Justices removed Brunson's state-court action to the district court pursuant to 28 U.S.C. § 1442(a)(3) on April 12, 2023. R. at 5. On April 19, 2023, the Justices filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction, in which they asserted that the derivative-jurisdiction doctrine deprived the district court of jurisdiction over the removed action. *Id*. at 32. After briefing, the magistrate judge issued a

2

Report and Recommendation on July 7, 2023, recommending that the Motion to Dismiss be granted. *Id.* at 53. Brunson timely objected on July 17, 2023. *Id.* at 60. The district court overruled the objection and adopted the magistrate judge's Report and Recommendation on August 11, 2023. *Id.* at 68. Judgment dismissing the action without prejudice was entered the same day. *Id.* at 69. Brunson timely filed a Notice of Appeal on August 15, 2023. *Id.* at 70.

## SUMMARY OF THE ARGUMENT

The district court properly dismissed this action for lack of jurisdiction. First, the court correctly found that the state court lacked jurisdiction over Brunson's action because no waiver of sovereign immunity subjects the Justices to suit in state court. Second, the district court properly found that it therefore lacked jurisdiction under the doctrine of derivative jurisdiction, as a federal court cannot acquire jurisdiction over a case removed from state court if the state court lacked jurisdiction. Finally, the district court rightly rejected Brunson's argument that the doctrine of sovereign immunity is unconstitutional.

**STANDARD OF REVIEW**

This Court reviews a district court's dismissal for lack of subject-matter jurisdiction de novo. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015).

Under FED. R. CIV. P. 12(b)(1), a court should "presume no jurisdiction exists." *United States ex rel. Precision Co. v. Koch Indus.*, 971 F.2d 548, 551 (10th Cir. 1992). The burden of establishing subject-matter jurisdiction "rests upon the party asserting jurisdiction." *Pueblo of Jemez*, 790 F.3d at 1151. To establish jurisdiction, a plaintiff "must 'allege in [his] pleading the facts essential to show jurisdiction' and 'must support [those facts] by competent proof.'" *Koch Indus.*, 971 F.2d at 551 (second alteration in original) (quotations and citations omitted).

**ARGUMENT**

## I.    The district court properly dismissed Brunson's action under the doctrine of derivative jurisdiction.

The doctrine of derivative jurisdiction "generally provides that federal courts lack jurisdiction if the state court lacked jurisdiction before removal." *High Lonesome Ranch, LLC v. Bd. of Cnty. Comm'rs for Cnty. of Garfield*, 61 F.4th 1225, 1239 (10th Cir. 2023) *(*citing *Lambert Run Coal Co. v. Balt. & Ohio R.R. Co.*, 258 U.S. 377, 382

4

(1922)). The derivative-jurisdiction doctrine prohibits a federal court from acquiring jurisdiction over a removed action "even though the federal court would have had jurisdiction if the suit had originated there." *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981); *see also Minnesota v. United States*, 305 U.S. 382, 388 (1939) (explaining that "it rests with Congress to determine not only whether the United States may be sued, but in what courts the suit may be brought."). Congress has amended the general removal statute to eliminate derivative jurisdiction as to removals under 28 U.S.C. § 1441, but the doctrine remains applicable to removals under section 1442. *High Lonesome Ranch*, 61 F.4th at 1239–40; *see also* 28 U.S.C. § 1441(f).

The derivative-jurisdiction doctrine is not strictly jurisdictional; rather, it is a procedural bar to removal that can be waived if not timely raised. *High Lonesome Ranch*, 61 F.4th at 1240–41. If timely raised, though, the derivative-jurisdiction doctrine "erects a mandatory bar to the court's exercise of federal jurisdiction." *Goodwill v. eTitle Ins. Agency*, No. 21-4108, 2022 WL 1741595, at *2 n.3 (10th Cir. May 31, 2022) (unpublished) (quoting *Ricci v. Salzman*, 976 F.3d 768, 773 (7th Cir. 2020)). The Justices removed Brunson's action from state court

5

under 28 U.S.C. § 1442(a)(3) and timely invoked the derivative-jurisdiction doctrine. R. at 5, 32.

The district court correctly found that the state court did not have jurisdiction over Brunson's claims. Sovereign immunity "generally shields the United States, its agencies, and officers acting in their official capacity from suit." *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). The party suing the United States or a federal official bears the burden of proving that sovereign immunity has been waived. *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992). A waiver of sovereign immunity cannot be implied and must be unequivocally expressed. *Fed. Aviation Admin. v. Cooper*, 566 U.S. 284, 290–91 (2012); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992).

Brunson seeks more than $3 billion in money damages against the Justices in their official capacities relating to the denial of his petition for writ of certiorari. *See* R. at 17–19, 22–25. His first cause of action is styled as a claim for breach of contract. *Id.* at 19–20. The remaining causes of action assert claims of intentional infliction of emotional distress, fraud, and civil conspiracy. *Id.* at 20–22. But Brunson has cited

no waiver of sovereign immunity that would allow him to recover money damages from the Justices.

### A. The state court lacked jurisdiction over Brunson's claim for breach of contract.

The Tucker Act waives the United States' sovereign immunity for actions founded on "any express or implied contract with the United States . . . ." 28 U.S.C. § 1491(a)(1). The Tucker Act grants the Court of Federal Claims exclusive jurisdiction to hear such claims if the alleged damages exceed $10,000. *Id*.; *see also* 28 U.S.C. § 1346(a)(2) (granting district courts concurrent jurisdiction with the Court of Federal Claims for contract claims "not exceeding $10,000"). Because Brunson seeks damages exceeding $3 billion, his breach-of-contract claim is cognizable—if at all[1]—only in the Court of Federal Claims. The state court had no jurisdiction over that claim.

---

[1]    Brunson's complaint also fails to state a claim for breach of contract because the submission of petitions for discretionary judicial relief and the payment of related filing fees did not create a contract between Brunson and the Justices. *Coleman v. United States*, 635 F. App'x 875, 878 (Fed. Cir. 2015) (unpublished) ("[A]s a matter of law, the mere payment of a filing fee and other litigation-related expenses does not create a contract between a plaintiff and the United States.") (quotations omitted); *see also* SUP. CT. R. 10 ("Review on a writ of certiorari is not a matter of right, but of judicial discretion.").

**B.    The state court lacked jurisdiction over Brunson's tort claims.**

Brunson's remaining claims—intentional infliction of emotional distress, fraud, and civil conspiracy—sound in tort. The Federal Tort Claims Act (FTCA) is the exclusive means by which claimants may recover monetary damages for common-law torts committed by federal employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1); *Meyer*, 510 U.S. at 476. The FTCA's limited waiver of sovereign immunity includes numerous limitations and conditions that must be "strictly observed." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016). Those limitations include that FTCA claims may be brought only in federal court and only against the United States, not individual federal employees. 28 U.S.C. §§ 1346(b)(1), 2674. In addition, FTCA claimants must exhaust their administrative remedy before filing suit in federal court. 28 U.S.C. § 2675.

Here, Brunson originally filed his claims in state court, failed to name the proper party, and failed to allege or otherwise establish that he had exhausted his administrative remedy before filing suit. Thus, the state court lacked jurisdiction over Brunson's second through fourth

8

causes of action, as those claims arise from the allegedly tortious conduct of the Justices acting in their official capacities.[2]

Because Congress has not waived the Justices' immunity from Brunson's claims in state court, the state court lacked jurisdiction over his claims. By operation of the derivative-jurisdiction doctrine, that defect likewise deprived the district court of jurisdiction over his claims. *High Lonesome Ranch,* 61 F.4th at 1239. The district court's dismissal of the action without prejudice was therefore appropriate. *Ricci*, 976 F.3d at 773 ("When the derivative jurisdiction doctrine is timely raised, then, it properly results in dismissal without prejudice.").

---

[2]    The Justices also enjoy absolute immunity from suit for judicial acts "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (internal citations omitted); *see also Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871) (noting that the doctrine of judicial immunity "for acts done by them in the exercise of their judicial functions . . . has been the settled doctrine of the English courts for many centuries, and has never been denied . . . in the courts of this country."). Judicial acts plainly include deciding whether to grant a petition for writ of certiorari or a petition for rehearing.

## II.    The district court correctly rejected Brunson's argument that sovereign immunity infringes on his constitutional right to petition the government.

Brunson does not argue that there is a waiver of sovereign immunity that authorizes his claims against the Justices in state court or otherwise. Instead, Brunson argues—as he did in response to the Justices' motion to dismiss—that the doctrine of sovereign immunity is unconstitutional because it interferes with his right to petition the government for a redress of grievances. The district court correctly rejected this argument.

The First Amendment protects a person's right to petition the government. U.S. CONST. amend. I. This right—in tandem with the due-process clauses of the Fifth and Fourteenth Amendments—further protects a person's right to access the courts. *Silver v. Cormier*, 529 F.2d 161, 163 (10th Cir. 1976). But this right is not absolute. "Just as false statements are not immunized by the First Amendment right to freedom of speech . . ., baseless litigation is not immunized by the First Amendment right to petition." *Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 744 (1983) (internal citation omitted); *see also Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) ("[The] right of

access to the courts is neither absolute nor unconditional . . ., and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.") (citation omitted); *Castellano v. City of New York*, 142 F.3d 58, 74 (2d Cir. 1998) (rejecting as frivolous the argument that district court's dismissal of complaint violated appellant's right to petition for redress of grievances).

Brunson has also failed to cite to any authority supporting his argument that the doctrine of sovereign immunity conflicts with the First Amendment. To the contrary, it is broadly understood that the doctrine of sovereign immunity was foundational for the framers of the Constitution. *See Alden v. Maine*, 527 U.S. 706, 715–16 (1999) (discussing the historical context surrounding the doctrine of sovereign immunity in holding that the Constitution prohibits Congress from abrogating the sovereign immunity of states). As the Supreme Court has explained, "the doctrine that a sovereign could not be sued without its consent was universal in the States when the Constitution was drafted and ratified." *Id.*[3] To suggest that the framers intended to

---

[3]    *See also Price v. United States*, 174 U.S. 373, 375–76 (1899) ("It is an axiom of our jurisprudence. The government is not liable to suit unless it consents thereto . . . ."); *United States v. Clarke*, 33 U.S. (8

11

trample on this centuries-old doctrine when drafting and ratifying the Constitution is simply ahistorical.

On appeal, Brunson argues again that any law that "requires that [he] must obtain permission from the Government before he can file his claims is unconstitutional." Aplt. Br. at 4. In support, he relies exclusively on Justice Breyer's dissenting opinion in *Alden v. Maine*. *Id.* at 4–6. But nothing in Justice Breyer's dissent conflicts with the general understanding that the Framers intended for the federal government—as opposed to the states—to be immune from suit absent an act of Congress. *See Alden*, 527 U.S. at 785 (Breyer, J., dissenting) (distinguishing Chief Justice Jay's discussion in *Chisholm* of a state's amenability to be sued from the immunity of the United States from private suit).

---

Pet.) 436, 444 (1834) ("As the United States are not suable of common right, the party who institutes such suit must bring his case within the authority of some act of congress, or the court cannot exercise jurisdiction over it."); *Chisholm v. Georgia*, 2 U.S. (1 Dall.) 419, 478 (1793) (noting in dicta that a claim against the United States would not lie because "there is no power which the Courts can call to their aid").

## CONCLUSION

For the foregoing reasons, Justices Sonia Sotomayor, Elena

Kagan, and Ketanji Brown Jackson request that this Court affirm the

district court's dismissal of Brunson's complaint.

RESPECTFULLY SUBMITTED this 21st day of November, 2023.

TRINA A. HIGGINS
United States Attorney


/s/ Amanda A. Berndt
AMANDA A. BERNDT
Assistant United States Attorney
Utah Bar No. 15370
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 325-3267
amanda.berndt@usdoj.gov

13

## CERTIFICATE OF COMPLIANCE

This brief complies with the word limit of FED. R. APP. P. 32(a)(7) because, excluding the parts of the brief exempted by FED. R. APP. P. 32(f), this brief contains 2429 words. This brief also complies with the typeface and type-style requirements of FED. R. CIV. P. 32(a)(5) and (6) because it has been prepared in a plain, proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

/s/ Amanda A. Berndt
AMANDA A. BERNDT
Assistant United States Attorney
Utah Bar No. 15370
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 325-3267
amanda.berndt@usdoj.gov

### CERTIFICATE OF SERVICE

I certify that the foregoing BRIEF FOR

DEFENDANTS/APPELLEES was served by U.S. Mail and electronic

mail to the party named below, this 21st day of November, 2023.

Raland J. Brunson
4287 Harrison Boulevard, #132
Ogden, Utah 84403
thedreamofthecentury@gmail.com

*Appellant*

/s/ Amanda A. Berndt
_____